THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* JOE McCASTER, Defendant-Appellant.

(No. 58783;

First District (4th Division)—May 22, 1974.

Paul Bradley and Richard D. Thomas, of State Appellate Defender's Office, of Chicago, for appellant.

Bernard Carey, State's Attorney, of Chicago (Kenneth L. Gillis and Jerald A. Kessler, Assistant State's Attorneys, of counsel), for the People.

Mr. JUSTICE BURMAN delivered the opinion of the court:

The defendant, Joe McCaster, was found guilty of armed robbery on March 9, 1972, and placed on 4 years' probation, the first 270 days of which were to be served in the House of Correction under the work release program.

On April 7, 1972, a warrant was issued for defendant's arrest for violation of the terms of his probation. On November 11, 1972, he was taken into custody. At a subsequent hearing conducted to determine whether

the defendant violated his probation, it was stipulated that, on March 16, 1972, he left the House of Correction 7 days after his entry and never returned at the end of the day as required under the work release program. At the conclusion of the hearing, the court entered a finding that the defendant had violated his probation. The court imposed a sentence of 2 to 4 years after a hearing in aggravation and mitigation.

The defendant contends that the State failed to establish by a preponderance of the evidence that he "knowingly" violated a condition of his probation. The only other evidence at the hearing besides the above stipulation was the testimony of the defendant, his wife, and his mother. His wife testified that she did not know that her husband was on work release. She thought when he returned everything had been cleared up. His mother testified that no one from the probation department ever contacted her. The defendant testified that he was under the impression that he was to go out and get a job and the probation officer would contact him and tell him where to report. He went to his old job where he worked for 6 months until he was arrested. He never talked to any probation officer during that time. There was evidence also that the defendant and his family moved to a different apartment about May 1, 1972, about 2 weeks after the defendant first left the work release program. His wife testified that the reason they moved was because she had fallen behind paying rent at the first apartment while her husband was incarcerated. The defendant's mother corroborated the wife's testimony.

■■ We feel that the State satisfactorily sustained its burden of showing a violation of probation. When the defendant is made aware of the charges and the proof shows a violation, the State has fulfilled its burden. (*Cf. People v. Williams*, 130 Ill.App.2d 192, 264 N.E.2d 589.) We note first that a lenient judge placed the defendant, who had committed an offense of armed robbery, on probation. The evidence here indisputably shows that he failed to contact the House of Correction or any probation officer for a period of 6 months, at which time he was taken into custody. He moved and did not inform the probation department of his change of address. Failure to report to the probation officer, alone, in the discretion of the court, is sufficient to revoke probation. *People v. Freeman*, 49 Ill.App.2d 464, 200 N.E.2d 146. See also *People v. Henderson*, 2 Ill.App. 3d 401, 276 N.E.2d 372.

■■ Of course, the defendant must be allowed to answer any charge that has been preferred against him in the probation revocation proceeding. (*People v. Price*, 24 Ill.App.2d 364, 164 N.E.2d 528.) This he was allowed to do. The matters raised by him to explain his failure to comply with the terms of his probation were subject to the court's scrutiny

in terms of their credibility. We feel the court's evaluation of them was neither unwarranted nor an abuse of discretion.

We find no basis for disturbing the court's finding that the defendant knowingly violated his probation and we find the revocation proper. The judgment of the circuit court is therefore affirmed.

Affirmed.

ADESKO, P. J., and DIERINGER J., concur.