THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* CLAUDELL SPENCER, Defendant-Appellant.

(No. 61581; ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

First District (4th Division)—September 10, 1975.

James J. Doherty, Public Defender, of Chicago (Leonard Solomon, Assistant Public Defender, of counsel), for appellant.

Bernard Carey, State's Attorney, of Chicago, for the People.

Mr. PRESIDING JUSTICE DIERINGER delivered the opinion of the court:

The defendant Claudell Spencer appeals from a judgment entered by the Circuit Court of Cook County for violation of probation. He was sentenced to a term of not less than 1½ years and not more than 4½ years in the Illinois State Penitentiary.

The defendant pleaded guilty to a charge of burglary on October 4, 1973. The court ordered that he be placed on probation for a period of 5 years, conditioned upon his serving 70 weekends in the House of Correction.

On February 22, 1974, based on an application for a warrant by the Probation Office, a "Rule to Show Cause" was issued by the court for failure to report to the House of Correction. As a result the order of probation previously entered was extended for an additional 1 year, conditioned upon 20 additional weekends at the House of Correction.

On May 24, 1974, upon the recommendation of the Probation Depart-

ment, an application for a warrant for probation violation was filed, in that the defendant failed to report to the House of Correction on the weekends of April 5, 1974 and May 3, 1974. In response to a "Supplemental Rule to Show Cause Why Probation Should Not Be Terminated and Revoked," the defendant appeared before the court on May 28, 1974. He pleaded guilty to violating his probation and was sentenced to a term of not less than 1½ years and not more than 4½ years. On June 24, 1974, the defendant filed his notice of appeal from the judgment finding him guilty of violation of probation.

The public defender now seeks to withdraw as counsel for the defendant based on the case of *Anders v. California*, 386 U.S. 738. He states the only basis for an appeal would be whether the defendant was denied procedural due process of law in his probation hearing. He concludes that there was no such violation of due process and the appeal is without merit.

■■ A review of the record discloses the defendant's probation was revoked only after he was given the benefit of the procedures set forth in *People v. Price* (1960), 24 Ill.App.2d 364, and *People v. Dwyer* (1965), 57 Ill.App.2d 343. He was informed of the facts of the alleged violation and was present in open court with appointed counsel. Before stipulating to the fact that he was away from the House of Correction on two weekends, he was properly admonished under Supreme Court Rule 402 (Ill. Rev. Stat. 1973, ch. 110A § 402).

The defendant testified he thought he was allowed to make up missed weekends, but on February 22, 1974, he was given an additional sentence for missing a weekend. The case of *People v. McCaster* (1974), 19 Ill.App.3d 824, holds that evidence of failure to return to the correctional institution under a work-release program was sufficient to sustain revocation of probation, and it is well settled that to revoke probation, guilt may be shown by a preponderance of the evidence. *People v. Carroll* (1966), 76 Ill.App.2d 9.

■■ The defendant received a copy of the public defender's motion and brief and was also sent a letter advising him he had until July 18, 1975, to file any argument and authority in support of his appeal, but he has chosen not to do so.

After an examination of the record, we conclude the public defender is correct and there is no merit to the appeal. The motion to withdraw as counsel for the defendant is allowed, and the judgment of the Circuit Court of Cook County is affirmed.

Affirmed.

ADESKO and JOHNSON, JJ., concur.