(No. 47362.─)

THE PEOPLE OF THE STATE OF ILLINOIS, Appellee,
v. WILLIAM (Billie) BREEN, Appellant.

*Opinion filed January 26, 1976.*

324

James J. Doherty, Public Defender, of Chicago (Robert P. Isaacson, Assistant Public Defender, of counsel), for appellant.

William J. Scott, Attorney General, of Springfield, and Bernard Carey, State's Attorney, of Chicago (James B. Zagel and Jayne A. Carr, Assistant Attorneys General, of Chicago, and Laurence J. Bolon, Michael E. Shabat, and Frances T. Norek, Assistant State's Attorneys, of counsel), for the People.

John Beal, of Chicago, *amicus curiae.*

Patrick A. Tuite and Allan A. Ackerman, of Chicago, *amicus curiae.*

MR. JUSTICE UNDERWOOD delivered the opinion of the court:

A complaint was filed in the circuit court of Cook County charging defendant, William (Billie) Breen, with theft, in violation of section 16—1(a) of the Criminal Code (Ill. Rev. Stat. 1973, ch. 38, par. 16—1(a)). On January 9, 1974, after a bench trial, he was found guilty and sentenced to a term of 90 days in the House of Correction. The defendant then indicated a willingness to repay over a period of a "couple of months" the money allegedly taken, and the trial court vacated its finding of guilty, placing defendant on "social service supervision, with restitution of one hundred eighty dollars, until February 7, 1975." The Appellate Court for the First District dismissed defendant's appeal, holding that since the trial court vacated the finding of guilty and sentence, the matter was still pending in the trial court, and there was no final judgment from which to appeal. (26 Ill. App. 3d 547.) We allowed defendant's petition for leave to appeal.

We view this case as an appropriate one for the exercise of our supervisory authority. (Ill. Const., art. VI, sec. 16; Supreme Court Rule 315(a) (Ill. Rev. Stat. 1973, ch. 110A, par. 315(a)); *Brokaw Hospital v. Circuit Court of McLean County* (1972), 52 Ill.2d 182.) Accordingly, we need not consider the question of the finality of the order from which an appeal was sought.

The practice of placing a defendant on "supervision," as disclosed by the brief of *amicus* Beal, apparently is fairly common. In one form, social service supervision, a defendant is ordered to report regularly to a social service agency during the period of his supervision, generally six months to a year, during which time his case is continued. When that period expires without further incident, the defendant is discharged from supervision and the criminal charge dismissed. In another form, court supervision, the case is similarly continued during the period of supervision, but the defendant is under no obligation other than to refrain from further criminal conduct. Apparently under both forms of supervision, the trial judge hears the evidence, satisfies himself of guilt and then either refrains from entering a finding of guilty or enters a finding, immediately vacates it and enters an order for supervision. Thus, following discharge from supervision and dismissal of the charge, a defendant has no record of conviction and, in certain instances, may have the arrest expunged from police records pursuant to section 5 of the act relating to criminal identification (Ill. Rev. Stat. 1973, ch. 38, par. 206—5). It is represented in the *amicus* brief and not elsewhere denied that revocation of supervision and sentencing is virtually unheard of.

Viewed realistically, supervision with conditions attached (reporting, restitution, *etc.*) involves the imposition of a penalty despite the fact that defendant has not been found guilty, or an earlier finding of guilt has been vacated. We are aware of no authority permitting a court to impose such obligations in this fashion. (See, *e.g.,*

*People v. Penn* (1922), 302 Ill. 488, 495.) This court has held that "the nature, character and extent of the penalties for a particular criminal offense are matters for the legislature." (*People v. Smith* (1958), 14 Ill.2d 95, 97.) Speaking on the separation of powers in the Federal constitutional scheme, the United States Supreme Court has similarly announced that it is "indisputable \*\*\* that the authority to define and fix the punishment for crime is legislative." (*Ex parte United States* (1916), 242 U.S. 27, 42, 61 L. Ed. 129, 140, 37 S. Ct. 72, 74.) Under the Unified Code of Corrections, the only authorized sentences are probation, conditional discharge, periodic imprisonment, imprisonment, and fine. (Ill. Rev. Stat. 1973, ch. 38, par. 1005–5–3(d).) In only two very specific instances has the legislature broadened the range of authorized dispositions to encompass supervision not based upon a prior, still existing judgment. One involves first offenders found guilty of a Class 3 felony for possession of a controlled substance. (Ill. Rev. Stat., 1974 Supp., ch. 56½, par. 1410.) The other involves proceedings under the Juvenile Court Act. Ill. Rev. Stat. 1973, ch. 37, par. 704–7.

There is no merit in the contention that the judiciary possesses the inherent authority to impose upon an unconvicted defendant "supervision" or any similar obligations except as they might be reasonably necessary conditions of bonds or recognizances (Ill. Rev. Stat. 1973, ch. 38, par. 110–10), despite seemingly contrary language in *People v. Parr* (1970), 130 Ill. App. 2d 212, 217-18. While this court has held that "[t]he very act of establishing a court, by implication confers upon it such powers, not expressly given, as are necessary to the efficient transaction of all such business as it is by law authorized to perform" (*Dodge v. Cole* (1881), 97 Ill. 338, 358), at no time has this doctrine been held to encompass the type of action taken here. In fact, our Rule 61(c)(18), regarding sentences and punishments, specifically states,

"In imposing sentence, a judge should follow the law and should not compel persons brought before him to submit to some act or discipline without authority of law, whether or not he may think it would have a beneficial corrective influence." Ill. Rev. Stat. 1973, ch. 110A, par. 61(c)(18).

The "court supervision" referred to in the brief of *amicus* apparently is used with some frequency without the imposition of restitution, reporting or other conditions. In such instances its net effect is to continue the case for six months or a year during which further misconduct by the defendant could result, theoretically, in the imposition of sentence on the original charge. That subsequent action by the court is a rarity is undisputed, and any attempt to impose sentence under such circumstances would be open to serious question. (See, *e.g., People ex rel. Fensky v. Leinecke* (1919), 290 Ill. 560, 562-63; *People ex rel. Boenert v. Barrett* (1903), 202 Ill. 287, 299-300.) Too, the practice of unnecessarily continuing cases for long periods of time runs counter to the expeditious disposition of litigation and the clear intent manifest in section 114—4(h) of the Code of Criminal Procedure (Ill. Rev. Stat. 1973, ch. 38, par. 114—4(h)) that criminal cases shall be tried with due diligence.

We accordingly hold that, absent appropriate legislation, a trial judge is without authority to place a defendant on supervision. We recognize, however, that there may be legally unauthorized programs in operation which are considered beneficial to the parties and communities involved and for which legislative approval would be desirable. We commend the subject to the consideration of the General Assembly.

What we have heretofore said indicates, of course, the impermissibility of the order for restitution. Such orders are appropriate only as conditions of probation or conditional discharge. (Ill. Rev. Stat. 1973, ch. 38, par. 1005—6—3(b)(10).) The State's contention that defendant

waived any objection to the restitution order is clearly without merit in view of the fact that defendant's expressed willingness to pay was coupled with a denial of guilt and obviously was prompted by his desire to avoid the jail sentence.

Accordingly, the cause is remanded to the circuit court of Cook County for further proceedings consistent with this opinion.

*Cause remanded, with directions.*