(No. 49017.—

THE PEOPLE OF THE STATE OF ILLINOIS, Appellant,
v. BRADLEY S. MARTIN, Appellee.

*Opinion filed September 20, 1977.*

William J. Scott, Attorney General, of Springfield, and John H. Ward, State's Attorney, of Taylorville (James B. Zagel, Assistant Attorney General, of Chicago, and Bruce D. Irish, of the Illinois State's Attorneys Association Statewide Appellate Assistance Service, of Mt. Vernon, of counsel), for the People.

Thomas F. Londrigan, of Londrigan & Potter, of Springfield, for appellee.

MR. JUSTICE UNDERWOOD delivered the opinion of the court:

The State's Attorney of Christian County, on April 5, 1976, filed a "Petition for Adjudication of Wardship" in the circuit court of that county alleging 16-year-old Bradley Martin to be delinquent in that he had committed the criminal offense of reckless homicide. The State also sought to remove the proceeding from the Juvenile Court Act pursuant to section 2—7(3) thereof (Ill. Rev. Stat. 1975, ch. 37, par. 702—7(3)). That section provides that the judge assigned to juvenile matters may permit prosecution on the criminal charge if he finds that it is not in the best interests of the minor or the public to proceed under the Juvenile Court Act. After a hearing, the circuit court denied the removal motion, and the State appealed. The Appellate Court for the Fifth District, considering the trial court action as not final and appealable, dismissed the appeal *sua sponte,* and we allowed the State's petition for leave to appeal.

The sole issue before us is whether denial of a motion to remove the proceeding under the Juvenile Court Act is appealable by the State. We hold that it is.

Supreme Court Rule 604(a)(1) (58 Ill. 2d R. 604(a)(1)) provides that the State may appeal an order "the substantive effect of which results in dismissing a charge for any of the grounds enumerated in section 114—1 of the Code of Criminal Procedure of 1963 [Ill. Rev. Stat. 1975, ch. 38, par. 114—1] ***." But as this court held in *People v. Love* (1968), 39 Ill. 2d 436, 439-40, the rule "was not intended to reduce the range of the State's right to appeal but to make clear that the State had a right to appeal from dismissals on any of the 10 grounds of dismissal set forth in section 114—1. The State retained the right to appeal in any other case of a judgment the substantive effect of which resulted in the dismissal of the indictment ***. The redrafting was not

intended to extinguish the People's right to appeal from judgments the substantive effect of which was to dismiss indictments on grounds not specified in the rule ***."

There can be no doubt that the substantive effect of the trial court's action here was the dismissal of any future indictment on the reckless homicide charge. Section 2–7(1) of the Juvenile Court Act (Ill. Rev. Stat. 1975, ch. 37, par. 702–7(1)) provides in part:

"(1) Except as provided in this Section, no minor who was under 17 years of age at the time of the alleged offense may be prosecuted under the criminal laws of this State ***."

Also, were the State to proceed, following denial of its removal motion, with proof of its allegations of delinquency under the Juvenile Court Act, section 2–7(3)(b) (Ill. Rev. Stat. 1975, ch. 37, par. 702–7(3)(b)) would apply. It provides in part that the "[t]aking of evidence in an adjudicatory hearing in any such case is a bar to criminal proceedings based upon the conduct alleged in the petition." Thus, any subsequent indictment which would be returned must be dismissed at the defendant's request.

In concluding that the denial of the removal motion was not appealable by the State, the appellate court apparently relied on *People v. Boclaire* (1975), 33 Ill. App. 3d 534, 536, in which the first division of the Appellate Court for the First District had so held. The opinion in *Boclaire*, however, was premised upon the State's concession that its appeal was improper, and upon our opinion in *People v. Jiles* (1969), 43 Ill. 2d 145. The State's concession, like a confession of error, is not binding upon a court (*People v. Locken* (1974), 59 Ill. 2d 459), and the reliance upon *Jiles* was misplaced, for we were dealing there with an attempted appeal by the juvenile from an order allowing the criminal prosecution. As the opinion in *Jiles* indicates, that order is reviewable on appeal by the juvenile from the criminal conviction if a conviction

occurs. In contrast, an order denying the removal motion is not reviewable by the People at the conclusion of the juvenile proceedings. (Supreme Court Rule 660(a), 58 Ill. 2d R. 660(a).) Consequently, the rationale that prompted us to deny the juvenile an interlocutory appeal is not applicable to the State. While we recognize that an appeal in these circumstances, as emphasized in *Jiles,* inevitably delays the fundamental purpose of the proceedings—the determination of the guilt or innocence of the individual— we are of the opinion that the trial court's denial of a motion to remove ought not to be totally immunized from review.

Respondent does not disagree with the State's right to appeal. Rather, he urges that the right should be reciprocal, permitting appeal by the State from denial, and the juvenile from allowance, of a removal motion. The latter would, of course, require overruling *Jiles,* a question not now before us and which we do not consider.

The judgment of the appellate court dismissing the appeal is accordingly reversed and the cause remanded to that court for further proceedings.

*Reversed and remanded.*