*In re* R. J. W., a Minor.—(THE PEOPLE OF THE STATE OF ILLINOIS, Petitioner-Appellee, *v.* R. J. W., Respondent-Appellant.)

Fourth District   No. 15418

Opinion filed September 17, 1979.

MILLS, J., dissenting.

Richard J. Wilson and David Bergschneider, both of State Appellate Defender's Office, of Springfield, for appellant.

Thomas J. Difanis, State's Attorney, of Urbana (Marc D. Towler and Larry Wechter, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

Mr. JUSTICE GREEN delivered the opinion of the court:

Respondent minor, R. J. W., appeals from orders of the circuit court of Champaign County entered (1) on November 16, 1978, finding him to be delinquent and committing him to the Department of Corrections, Juvenile Division, and (2) on November 21, 1978, refusing to vacate or modify the previous order. We reverse the portion of the orders making commitment to the Department of Corrections and remand for further disposition.

The pertinent portion of the unusual chronology of this case begins with an adjudicatory hearing on July 8, 1977, when the minor admitted the theft of a purse containing $16, various documents, and a pair of

eyeglasses as alleged in a pending supplemental juvenile petition. All other pending juvenile charges against him were then dismissed. The trial court then found him to have committed this act but made no further findings and continued the case until August 10, 1977. On the latter date, the court, pursuant to the request of the minor, continued the case with the minor placed under supervision pursuant to section 4—7(1) of the Juvenile Court Act (Ill. Rev. Stat. 1977, ch. 37, par. 704—7(1)).

Section 4—7(1) permits the trial court, in the absence of objection, to continue a hearing on a juvenile delinquency petition prior to making adjudication, "allowing the minor to remain in his own home subject to such conditions *as to conduct* and visitation and supervision by the probation officer or other designee of the court as the court may prescribe." (Emphasis added.) The court order placing the minor under supervision directed that the minor: (1) abide by "each and every school regulation and that he not be a truant"; (2) make payment to the court clerk to reimburse the county for fees paid to the minor's court-appointed attorney; and (3) "to be in attendance at and participate in any program in the community" determined by the court's probation officer to be beneficial to the minor.

On July 24, 1978, a "Motion to Revoke Supervision" was filed alleging that the minor had failed to make payment of the attorney's fees as ordered and had failed to report to the probation office since May 8, 1978. The motion was heard on November 3, 1978, at which time the court found the allegations of the motion to have been proved and continued the case until November 16, 1978, with directions to the probation office to make an "updated report." That report was filed and presented at the November 16 hearing. In addition to receiving the report, the court heard further evidence, found the minor to be delinquent and committed him to the Department of Corrections. A subsequently filed petition for redisposition filed on behalf of the minor was heard on November 21, 1978, and denied.

■■ The minor asserts that the court erred in revoking his status of being under supervision subject to a continuance under section 4—7(1). Such an order of continuance is not listed as a disposition under section 5—2 of the Act (Ill. Rev. Stat. 1977, ch. 37, par. 705—2). The petitioner here apparently treated it as a disposition and filed a motion to revoke and the case proceeded on that theory. It could be argued that the 4—7(1) procedure merely involves the grant of a continuance which could be terminated by the court at any time and a ruling made on the pending petition either with or without further evidence. In any event, it is obvious that no strong showing would need to be made in order to proceed with the pending matters. Although, as we will subsequently explain, we deem the trial court to have been in error in concluding that the minor violated a .

valid order in failing to pay attorney's fees, we do not reverse the determination that the minor was delinquent. The original finding that he had committed the theft was sufficient to make him delinquent. Sufficient other proper evidence was before the court with reference to lack of cooperation by the minor while under supervision that the court would undoubtedly and properly have terminated the supervision and found the minor to be delinquent anyway.

Our concern is with the court's commitment of the minor to the Department of Corrections. Because this disposition was substantially based upon the trial court's improper consideration of (1) the minor's failure to make reimbursement for attorney's fees, and (2) subsequently reversed convictions of the minor, we deem that the case must be remanded for a new dispositional hearing.

Neither the Juvenile Court Act nor any provision of any of the statutes dealing with criminals makes any provision for requiring an indigent to reimburse the county for payment of attorney's fees for court-appointed counsel either as a condition of probation or other disposition or under any other circumstances except in cases where counsel was provided upon the criminally accused's fraudulent misrepresentation of indigency (Ill. Rev. Stat. 1977, ch. 38, pars. 113—3(b), 208—11), or where proceeds of sums deposited with the court clerk by defendant as bail are available (Ill. Rev. Stat. 1977, ch. 38, par. 110—7(g)). Even when financial obligations are imposed as a condition of criminal probation, conditional discharge or periodic imprisonment, that sentence may not be revoked for failure to discharge those obligations unless the failure to do so was willful (Ill. Rev. Stat. 1977, ch. 38, par. 1005—6—4(d)). Even if the requirement to reimburse the county for attorney's fees were a proper condition here, sanction could not logically be imposed for failure to pay unless the failure was willful. No finding was made here that the failure was willful and the record does not indicate that factor to have been considered.

Moreover, the record indicates that the minor and his mother together had reimbursed the county in a sum greater than that which the county had expended for the court-appointed counsel. Thus even if reimbursement for these fees had been a proper condition of supervision, the record here would be insufficient to justify the court's considering the minor's failure to pay either in making adjudication or disposition.

Furthermore, without deciding whether reimbursement for attorney's fees as ordered here may ever be properly made a condition of criminal or juvenile probation or other disposition, we are persuaded that it is not a proper condition of a continuance under section 4—7(1). That provision authorizes the court to impose conditions with reference to the

minor's "conduct" and the visitation and supervision by the person designated by the court to do so. Particularly because of the preadjudicatory status of the minor at that stage we would deem it illogical to interpret a requirement to make reimbursement for fees to be a regulation of "conduct."

Before committing the minor, the trial court noted and placed emphasis on the minor's recent conviction, in the same court but before another judge, of the felony of aggravated battery and the misdemeanor of resisting or obstructing a peace officer all arising from the same transaction. A few days later the trial court entered judgment notwithstanding the verdict as to the felony charge. Because of this, the minor moved for redisposition in the juvenile proceeding. At a hearing on that motion, the judge stated that the vacation of the felony conviction was significant but indicated that the misdemeanor conviction together with the minor's failure to report to the probation officer, his truancy from school, and his apparent lack of effort in seeking and retaining employment necessitated commitment.

██ This court reversed the minor's misdemeanor conviction in *People v. Weathington* (1979), 76 Ill. App. 3d 173, 394 N.E.2d 1059. We are thus faced with the situation where both convictions originally considered by the court in making commitment have now been set aside and the minor's alleged failure to make reimbursement for attorney's fees has been determined not to be a matter for which sanction can be imposed. Although a court has been held to have properly revoked probation and imposed a sentence of imprisonment in a criminal case merely because of the probationer's failure to report (*People v. McCaster* (1974), 19 Ill. App. 3d 824, 313 N.E.2d 308), we are not assured that the trial court would have made commitment to the Department of Corrections here had it known of (1) the setting aside of both criminal convictions, and (2) that the minor could not be sanctioned for failure to make reimbursement for attorney's fees.

The State asserts that if proper evidence would justify commitment, we should affirm even though matters that we now determine to have been improperly considered formed a substantial part of the basis for the court's decision. In support of this argument it cites *People v. Freeman* (1964), 49 Ill. App. 2d 464, 200 N.E.2d 146, where the court affirmed a criminal probation revocation and imposition of sentence even though the defendant's conviction in the Municipal Court of Chicago of an ordinance violation later purportedly vacated by that court had been considered by the circuit court in revoking probation and sentencing. The appellate court said that the defendant's failure to report to the probation officer would have justified the trial court's action but also noted that the

municipal court had been without jurisdiction to set aside the municipal ordinance conviction.

For the reasons stated we reverse the portion of the orders appealed which committed the minor to the Department of Corrections, affirm other aspects of those orders and remand the case to the circuit court of Champaign County for a new dispositional hearing.

Affirmed in part, reversed in part, and remanded.

CRAVEN, J., concurs.

Mr. JUSTICE MILLS, dissenting:

The majority opinion tells only *half* the story.

The other half of the tale is that our juvenile delinquent here *failed to report* to his probation officer and was a *chronic truant* from school. These were specific conditions of his order of supervision and the evidence is crystal clear that he violated those terms upon which his supervised release was contingent.

Four grounds for revocation were stated; two have been shot down; two remain. I don't know how much weight the trial judge placed on each ground. The record rules out none. Nor do I venture to divine—as do my brothers—that the trial judge relied "substantially" upon the two grounds shot down. I simply do not know, nor does the record tell me with any degree of certitude.

The majority seems to miss the crucial point: Did the trial judge abuse his discretion in revoking?

Two of the four grounds for abrogation were undeniably proven. To my view, that is sufficient to revoke.

The trial court should be affirmed.