94 Ill. App.3d 86 (1981)
418 N.E.2d 484
In re A.M., a Minor.  (THE PEOPLE OF THE STATE OF ILLINOIS, Petitioner-Appellee,
v.
A.M., Respondent-Appellant.)
No. 80-54.
Illinois Appellate Court  Second District.
Opinion filed March 18, 1981.
*87 Mary Robinson and Donna R. Palm, both of State Appellate Defender's Office, of Elgin, for appellant.
Eugene Armentrout, State's Attorney, of Geneva (Phyllis J. Perko and Marshall Stevens, both of State's Attorneys Appellate Service Commission, of counsel), for the People.
Appeal dismissed.
Mr. JUSTICE REINHARD delivered the opinion of the court:
In this appeal, we consider whether a continuance under supervision permitted by the Juvenile Court Act (Ill. Rev. Stat. 1979, ch. 37, par. 704-7) is a final, appealable order.
The State's petition for adjudication of delinquency alleged the minor, A.M., age 14, committed an aggravated battery upon Karen Breese knowing her to be a teacher and on school grounds in violation of section 12-4 of the Criminal Code of 1961 (Ill. Rev. Stat. 1979, ch. 38, par. 12-4). Following an adjudicatory hearing, the minor was found guilty of simple battery (Ill. Rev. Stat. 1979, ch. 38, par. 12-3), and the matter was continued for a dispositional hearing without an adjudication of delinquency or wardship. At a subsequent dispositional hearing, however, the court expressly declined to adjudicate the minor a delinquent and, instead, upon the minor's request, continued the minor under court supervision until age 18, pursuant to section 4-7 of the Juvenile Court Act (Ill. Rev. Stat. 1979, ch. 37, par. 704-7). The pertinent provision of section 4-7 provides that:
"(1) In the absence of objection made in open court by the minor, his parent, guardian, custodian or responsible relative, the court may, before proceeding to findings and adjudication, or after hearing the evidence but before noting in the minutes of proceeding a finding of whether or not the minor is a person described in Section 2-1, continue the hearing from time to time, allowing the minor to remain in his own home subject to such conditions as to conduct and visitation and supervision by the probation officer or other designee of the court as the court may prescribe."
On appeal, the minor seeks reversal of the finding of "guilt," his sole contention being that he was denied his constitutional right to adequate notice of the charges as a result of the court's alleged reliance on an additional battery not recited in the State's petition for adjudication. Although the State has not raised any jurisdictional issue relative to the finality of the supervision order, we do so sua sponte. Allabastro v. *88 Wheaton National Bank (1980), 91 Ill. App.3d 222, 414 N.E.2d 537; In re Wheat (1979), 68 Ill. App.3d 471, 386 N.E.2d 278; In re Kerwood (1977), 44 Ill. App.3d 1040, 359 N.E.2d 183.
 1-3 Our jurisdiction is limited to appeals taken from final judgments, except where the Supreme Court Rules permit interlocutory appeal. (People v. Miller (1966), 35 Ill.2d 62, 219 N.E.2d 475; People v. Zach (1979), 77 Ill. App.3d 17, 395 N.E.2d 758.) While the rules permit interlocutory appeal from certain orders under the Juvenile Court Act not pertinent to this case (Ill. Rev. Stat. 1979, ch. 110A, pars. 662 and 663), the minor's right of review of delinquency proceedings is otherwise limited to final judgments, in accordance with rules governing criminal cases. (Ill. Rev. Stat. 1979, ch. 110A, par. 660(a); see In re Davis (1976), 44 Ill. App.3d 970, 358 N.E.2d 1233.) In the context of criminal proceedings, a "final judgment" is generally perceived as that which terminates the litigation on its merits. (People v. Wasilewski (1978), 66 Ill. App.3d 1, 383 N.E.2d 31.) Usually, that consists of a judgment of guilt and imposition of a sentence. People v. Lilly (1974), 56 Ill.2d 493, 309 N.E.2d 1; People v. Robinson (1976), 41 Ill. App.3d 526, 354 N.E.2d 117.
The salient features of section 4-7 supervision are in sharp contrast to the foregoing principles of finality. It is, in essence, an initial alternative to a formal section 4-8 proceeding, which could taint the minor with an adjudication of delinquency and wardship. The supervision order is entered with the minor's consent prior to any adjudication of delinquency. It is merely a continuance of the proceedings upon prescribed conditions. Inasmuch as a supervision order is entered without an adjudication of delinquency or wardship (see In re Serna (1978), 67 Ill. App.3d 406, 408, 385 N.E.2d 87), it is necessarily not based on a judgment. (See People v. Breen (1976), 62 Ill.2d 323, 326, 342 N.E.2d 31.) In fact, it represents one of the few instances in which the legislature has authorized a disposition the court may impose not based on a prior, still-existing judgment of guilt. (Breen, at 327.) As is expressly provided under section 4-7, the continuance under supervision does not finally dispose of the merits of the State's petition for an adjudication of delinquency, but provides for a continuance of the proceedings. However, upon the minor's violation of the prescribed conditions of supervision, the court may revoke the minor's supervisory status and enter an adjudication of delinquency on the basis of the original petition. In re R.J.W. (1979), 76 Ill. App.3d 159, 394 N.E.2d 1064; In re Serna.
While no Illinois reviewing court has considered the finality of supervision orders entered in juvenile proceedings, several cases have addressed the finality of analogous supervision orders in the context of criminal and quasicriminal proceedings. The appellate courts have dismissed appeals from these orders on grounds they were not final in the *89 absence of an adjudication of guilt. (City of Chicago v. Severini (1980), 91 Ill. App.3d 38, 414 N.E.2d 67; People v. Koonce[1] (1978), 65 Ill. App.3d 86, 382 N.E.2d 447; People v. Breen (1975), 26 Ill. App.3d 547, 325 N.E.2d 738, rev'd on other grounds (1976), 62 Ill.2d 323, 342 N.E.2d 31; see also People v. Glidden (1975), 331 Ill. App.3d 741, 338 N.E.2d 204, in which, upon supplementation of the record to show an adjudication of guilt, the court vacated its prior opinion wherein it dismissed the appeal from a supervision order entered under section 10 of the Cannabis Control Act (Ill. Rev. Stat. 1975, ch. 56 1/2, par. 710).) Our supreme court expressly declined to consider the finality question in the Breen case and, instead, exercised its supervisory jurisdiction to rule that, in the absence of legislation, courts are powerless to enter orders of supervision in criminal cases not based on an adjudication of guilt. People v. Breen (1976), 62 Ill.2d 323, 342 N.E.2d 31.[2]
Recently, however, the legislature has authorized the court to impose a disposition of supervision in criminal cases if the defendant is not charged with a felony and meets other prescribed considerations. (Ill. Rev. Stat. 1979, ch. 38, par. 1005-6-1.) A disposition of probation without the entry of a judgment has been an authorized disposition for several years under the Illinois Controlled Substance Act (Ill. Rev. Stat. 1979, ch. 56 1/2, par. 1410) and the Cannabis Control Act (Ill. Rev. Stat. 1979, ch. 56 1/2, par. 710) for first-time offenders. Under all three of these legislative enactments the right to appeal from that disposition is specifically allowed under that act.[3] Ill. Rev. Stat. 1979, ch. 38, par. 1005-6-3.1(i); Ill. Rev. Stat. 1979, ch. 56 1/2, par. 1410(f); and Ill. Rev. Stat. 1979, ch. 56 1/2, par. 710(f).
 4 In contrast to the foregoing, the Juvenile Court Act does not contain any appeal provision from an order of supervision imposed under section 4-7. We think this is meaningful and in keeping with the purpose and policy of that Act to provide alternatives to the care and guidance of minors. Such provision providing for supervision of a minor promotes the simultaneous goals of protecting the minor from the taint of a "record," *90 and enabling the court to rehabilitate the minor and protect the public. To this end, the statute provides that no adjudication is to be made, and grants the court continuing jurisdiction to supervise the minor until the minor successfully completes supervision, or alternatively, until revocation of supervision and adjudication are necessary. Particularly significant in our determination is the statutory provision under the Juvenile Court Act in section 4-7(b) (Ill. Rev. Stat. 1979, ch. 37, par. 704-7(2)) which provides that "[i]f the minor, his parent, guardian, custodian or responsible relative objects in open court to any such continuance and insists upon proceeding to findings and adjudication, the court shall so proceed." In our case, the minor requested the court to continue the case under court supervision pursuant to section 4-7. The court did so, and the minor can now hardly reap the benefits of the provision for supervision and also pursue on appeal the court's finding on which the minor expressly asked the court not to make an adjudication of delinquency and wardship. One of the express provisions of the Act is that "[e]very child has a right to services necessary to his proper development, including health, education and social services." (Ill. Rev. Stat. 1979, ch. 37, par. 701-2(3)(b).) We consider section 4-7 an implementation of that concept. A right of appeal from the court's underlying factual findings without an adjudication of delinquency and wardship would undermine the utility of orders of supervision which was not intended by the legislature. As the order of supervision here composed is barren of the essential characteristics of finality, we dismiss the minor's appeal and do not consider it on the merits raised therein.
Appeal dismissed.
UNVERZAGT and VAN DEUSEN, JJ., concur.
NOTES
[1] In light of In re Marriage of Lentz (1980), 79 Ill.2d 400, 403 N.E.2d 1036, our citation expresses no opinion of Koonce's implication that the legislature may, by express appeal provisions, effectuate our jurisdiction to hear appeals from supervision orders not based on an adjudication of guilt.
[2] The supreme court subsequently cited its Breen case for the proposition that "An order, * * * need not be final and appealable in order that this court exercise its supervisory authority." People v. Heddins (1977), 66 Ill.2d 404, 406, 362 N.E.2d 1260.
[3] It is unnecessary for us in this appeal to consider the validity of such an appeal provision in view of article VI, section 16, of the Illinois Constitution which vests responsibility for rules governing appeals in our supreme court. Nor need we address here the finality for appeal purposes of those dispositions for which there is no entry of judgment as they are pursuant to separate acts other than the Juvenile Court Act.