THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* ANTONIO FREEMAN, Defendant-Appellant.

Fourth District    No. 17139

▬▬▬

Opinion filed April 21, 1982.—Modified on denial of rehearing June 4, 1982.

Daniel D. Yuhas and James G. Woodward, both of State Appellate Defender's Office, of Springfield, for appellant.

J. William Roberts, State's Attorney, of Springfield (Robert J. Biderman and James K. Horstman, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

JUSTICE WEBBER delivered the opinion of the court:

The defendant, a 16-year-old youth, appeals from a judgment of the circuit court of Sangamon County entered upon a jury verdict which found him guilty of the offense of murder in violation of section 9—1(a)(1) of the Criminal Code of 1961 (Ill. Rev. Stat. 1979, ch. 38, par. 9—1(a)(1)). He was sentenced to 25 years' imprisonment.

Since the sole question raised on appeal is one of procedure, no recitation of the facts concerning the offense is necessary. Suffice it to say, the evidence was sufficient to find the defendant guilty beyond a reasonable doubt.

Prior to the date of the instant offense, May 23, 1980, it is undisputed that the defendant had been adjudicated delinquent and made a ward of the court under section 4—8(2) of the Juvenile Court Act (Ill. Rev. Stat. 1979, ch. 37, par. 704—8(2)). He was placed on probation which had been extended on two occasions pursuant to petitions filed to revoke, modify or extend probation. He was in this status when the offense of murder occurred. A third amended petition to revoke, modify or extend probation was filed June 2, 1980, and alleged that the defendant had committed the offense of murder. It was accompanied by a pleading entitled "Motion to Transfer from Juvenile Court and to Permit Prosecution under the Criminal Laws."

Counsel for defendant filed a motion in the trial court to strike the State's motion for transfer on the ground that by filing a petition to revoke probation the State had elected its remedy, that is, to proceed under the Juvenile Court Act. After hearing arguments, the trial court denied the defendant's motion to strike.

Thereafter the trial court held an evidentiary hearing on the State's motion to transfer and heard testimony from two prosecution witnesses and six witnesses for the defendant. The court also considered psychological reports which it had previously ordered prepared. At the conclusion of the hearing the trial court allowed the motion to transfer, finding that the interests of the minor and of the public required that the minor remain in custody for a period extending beyond his minority, all in accordance with section 2—7(3)(a) of the Juvenile Court Act (Ill. Rev. Stat. 1979, ch. 37, par. 702—7(3)(a)).

Prior to trial as an adult on a four-count information charging murder, defendant again objected to proceeding, but the objection was overruled and defendant was ultimately convicted and sentenced as previously indicated.

Defendant's sole contention on appeal is that the trial court had no authority to allow the motion to transfer because the State had not filed a "petition" as required by section 2—7(3) of the Juvenile Court Act (Ill. Rev. Stat. 1979, ch. 37, par. 702—7(3)). That section states:

> "If a petition alleges commission by a minor 13 years of age or over of an act which constitutes a crime under the laws of this State, and, on motion of the State's Attorney, a Juvenile Judge, designated by the Chief Judge of the Circuit to hear and determine such motions, after investigation and hearing but before commencement of the adjudicatory hearing, finds that it is not in the best interests of the minor or of the public to proceed under this Act, the court may enter an order permitting prosecution under the criminal laws."

The statute by its clear wording requires (1) a petition alleging commission of an act constituting a crime, and (2) a motion to permit prosecution under the criminal laws. It is equally clear that without the petition there can be no transfer to adult prosecution. *People v. Rahn* (1974), 59 Ill. 2d 302, 319 N.E.2d 787.

*Rahn* was decided under the predecessor statute which gave a State's Attorney an option, subject to objection by the juvenile judge. However, the rationale remains the same under the present statute. Criminal prosecutions of juveniles are limited and cannot be instituted until threshold requirements are met. These include an examination of the matter by the juvenile court to determine whether the best interests of the minor and of the public lie with juvenile proceedings or with criminal prosecution. Under the special treatment afforded to juveniles by the Juvenile Court Act, such an examination is the *sine qua non* of the proceeding. If the juvenile has never been before the court previously, obviously the only way to call the court's attention to the matter is by a petition for delinquency which is the proper method of alleging the commission of a violation of the law (Ill. Rev. Stat. 1979, ch. 37, par. 702—2) as distinguished from a juvenile who is neglected, dependent, or otherwise in need of supervision. In calling the court's attention to the matter there appears to us to be no qualitative difference between an original petition for one who has never been before the court and a petition to revoke probation for one who has already been adjudicated delinquent as a result of other offenses. The primary purpose of either pleading, accompanied by a proper motion, is to trigger the investigative function of the court. In the instant case the petition to revoke probation set forth in elaborate detail the commission of murder and was accompanied by the proper motion.

Defendant argues that "petition" as used in section 2—7(3) of the Juvenile Court Act must be one as defined by section 1—15 of the Act (Ill.

Rev. Stat. 1979, ch. 37, par. 701—15), which states that a petition is one provided for in section 4—1 of the Act. That section, 4—1 (Ill. Rev. Stat. 1979, ch. 37, par. 704—1), deals with the initiation of wardship proceedings. We do not read the Juvenile Court Act so restrictively. Section 1—4 (Ill. Rev. Stat. 1979, ch. 37, par. 701—4) mandates a liberal interpretation. The word "petition" is used many times throughout the Act and its meaning in the various sections does not etymologically nor functionally derive from section 1—15. For example, section 1—15 itself refers to supplemental petitions and section 5—3(3) (Ill. Rev. Stat. 1979, ch. 37, par. 705—3(3) speaks of "a petition * * * charging a violation of a condition of probation or of conditional discharge * * *."

Once the jurisdiction of the court is properly invoked and wardship decreed, that jurisdiction continues throughout the minority of the minor. (Ill. Rev. Stat. 1979, ch. 37, par. 705—11.) In our opinion "petition" as used in section 2—7(3) of the Juvenile Court Act means either (1) an original petition for wardship under section 4—1 in the case of one who is first being subjected to the jurisdiction of the court, or (2) a pleading seeking further or additional action by the court in the case of one who is subject to the continuing jurisdiction of the court. The instant case is obviously one of the latter variety.

In either event, we believe the more significant pleading is the motion under section 2—7(3). Under the statutory scheme, this acts as a limitation on sections 4—1 and 4—2. Section 4—1 is mandatory that the petition allege that it is in the best interests of the minor and of the public that he be adjudged a ward of the court, and section 4—2 is likewise mandatory that an adjudicatory hearing date be set upon the filing of the petition. All this looks toward an adjudication or dismissal within a short time. However, under section 2—7(3) the motion stops this process and requires "investigation and hearing" by the court before proceeding to adjudication. If the motion be allowed, the underlying petition becomes moot and must be dismissed. If the motion be denied, the court may then proceed to adjudicatory hearing in the case of an original petition; or to punish as a violation of probation in the case of one already subject to its jurisdiction.

Since the motion is of such consequence, we do not believe that the form of the "petition" under section 2—7(3) is of critical importance so long as it is factually detailed as in the instant case.

Defendant further argues conceptual differences between a petition to revoke probation and criminal prosecution. He points out, correctly, that punishment for violation of probation is predicated on the offense, or offenses, for which probation was imposed and not for offenses committed subsequent to the granting of probation. He further points out, correctly, that if the motion to transfer had been denied, he could not have been punished for murder. He then seems to argue that the transfer

is simply that of shifting the probation violation to the adult division of the trial court and that the State has elected to proceed in this manner. Thus, he cannot be punished for murder.

The argument overlooks the plain wording of section 2—7(3). The transfer is not of the revocation proceeding which by the explicit terms of the statute is required to be dismissed upon the filing of criminal charges. The transfer is in reality a relinquishment of the protections of the Juvenile Court Act in favor of criminal prosecution which itself becomes a new and original proceeding. The specific relief asked in the petition becomes immaterial once the accompanying motion has been allowed. It is not a case of transferring a cause from one division of the circuit court to another. It is the extinguishment of wardship insofar as the alleged acts are concerned and the initiation of criminal proceedings upon those acts.

The trial court proceeded correctly, and its action in allowing the State to prosecute under the criminal laws is affirmed.

Affirmed.

GREEN, P. J., and TRAPP, J., concur.