*In re* MICHAEL HERSHBERGER, a Minor (The People of the State of Illinois, Petitioner-Appellant, v. Michael Hershberger, Respondent-Appellee).

Fourth District   No. 4—84—0642

Opinion filed April 15, 1985.

Hugh Finson, State's Attorney, of Monticello, for the People.

Daniel D. Yuhas and Deborah L. Rose, both of State Appellate Defender's Office, of Springfield, for appellee.

PRESIDING JUSTICE GREEN delivered the opinion of the court:

Notice of appeal in this case is from an order entered pursuant to section 2—7(5) of the Juvenile Court Act (Act) (Ill. Rev. Stat. 1983, ch. 37, par. 702—7(5)), which permits a minor, 13 years of age or older who is charged in a "petition" with the commission of a crime, to elect, with the consent of counsel, to be prosecuted as a criminal rather than under the Act. Here, the "petition" was not an original petition but one seeking supplemental relief. The trial court, deeming our decision in *People v. Freeman* (1982), 105 Ill. App. 3d 1078, 435 N.E.2d 503, to cover an analogous situation and to be binding precedent, determined that it was required to permit the minor to elect criminal prosecution and so ordered. The question of whether section 2—7(5) applies to a supplemental petition is important, but we are now persuaded that we do not have jurisdiction and must dismiss the appeal.

Respondent, Michael Hershberger, was declared to be a delinquent and placed on probation by the circuit court of Piatt County in 1980. One condition of his probation was that he not commit another crime. On June 26, 1984, when respondent was 16 years old, the State filed the instant supplementary petition seeking revocation of the probation. The petition alleged that respondent had violated the terms of his probation by committing the offenses of disorderly conduct (Ill. Rev. Stat. 1983, ch. 38, par. 26—1(a)(1)) and aggravated assault (Ill. Rev. Stat. 1983, ch. 38, par. 12—2(a)(1)). On June 28, 1984, respondent filed a motion under section 2—7(5) of the Juvenile Court Act electing to be prosecuted as a criminal and seeking dismissal of the supplementary petition. On that date and after a hearing, the circuit court entered an order allowing the motion. The order included a finding sufficient to initiate a request for appeal of an interlocutory order under Supreme Court Rule 308 (87 Ill. 2d R. 308). With a split vote, we granted leave to appeal.

After further reflection, we conclude that Rule 308 is not applicable to interlocutory appeals from orders entered in delinquency proceedings under the Juvenile Court Act. The rule is part of article III of the supreme court rules which are designated "Civil Appeals Rules" (87 Ill. 2d R. 301 *et seq.*). Subsection (a) of the Rule states:

> "When the trial court, in making an interlocutory order not otherwise appealable, finds that the order involves a question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, the court shall so state in writing, identifying the question of law involved. Such a statement may be made at the time of the entry of the order or thereafter on the court's own motion or on motion of any party. The Appellate Court may thereupon in its discretion allow an appeal from the order." 87 Ill. 2d R. 308(a).

In reaching a decision as to our jurisdiction in this case, Rule 308 must be considered in the context of other supreme court rules and committee comments which may have application here. The most important is the following:

> "Rule 660. Appeals in Cases Arising Under the Juvenile Court Act
>
> (a) Delinquent Minors. Appeals from final judgments in delinquent minor proceedings, except as otherwise specifically provided, shall be governed by the rules applicable to criminal cases.
>
> (b) Other Proceedings. In all other proceedings under the Ju-

venile Court Act, including proceedings involving a minor in need of supervision, a neglected minor, or a dependent minor, appeals from final judgments shall be governed by the rules applicable to civil cases.

Adopted September 8, 1975, effective October 1, 1975.

Committee Comments

(October 1, 1975)

Rule 660 was added in 1975 to clarify the procedure in appeals from determinations under the Juvenile Court Act. It provides simply that appeals from determinations in delinquency proceedings are governed by the rules applicable to appeals in criminal cases, and all other appeals under the Act are governed by the rules governing appeals in civil cases." 87 Ill. 2d R. 660.

■ An order dismissing a petition filed under the Juvenile Court Act and ordering the institution of criminal proceedings is clearly interlocutory. (See *People v. Taylor* (1979), 76 Ill. 2d 289, 307, 391 N.E.2d 366, 374.) Rule 660, though, refers only to final orders. Accordingly, the State concludes that an interlocutory order in a case under the Juvenile Court Act may be appealable under rules for appeal from interlocutory orders in civil cases. However, the Committee Comments in stating that "appeals from determinations in delinquency proceedings are governed by rules applicable in criminal cases" when taken with the provisions of the Rule providing for appeals from final orders, indicate an intention that there be no interlocutory appeals in delinquency cases except when specific provision is made. The only such specific provision is Supreme Court Rule 662 (87 Ill. 2d R. 662), which grants a right of appeal from orders of wardship and revocations of probation or conditional discharge when an order of disposition is not entered within 90 days thereafter.

We also note that Supreme Court Rule 612 (87 Ill. 2d R. 612), providing that certain rules for civil appeals are also applicable to appeals in criminal cases, does not list Rule 308 as such a rule.

■ Were it not for the Committee Comments to Rule 660, there would be substantial force to the State's contention that the failure of Rule 660 to address interlocutory appeals in delinquency proceedings indicates that such appeals can be taken under rules for civil appeals. Delinquency proceedings are not fully criminal in nature and rules of procedure designed for criminal cases are not necessarily applicable. (*In re Beasley* (1977), 66 Ill. 2d 385, 362 N.E.2d 1024.) As Rule 308 requires the concurrence of the trial and appellate court, abuse of the Rule is unlikely. Nevertheless, we cannot disregard the language of

the Committee Comments. Our conclusion that an interlocutory appeal in delinquency cases is limited to that for which there is express provision in the Supreme Court Rules is supported by *dictum* in the case of *In re A.M.* (1981), 94 Ill. App. 3d 86, 88, 418 N.E.2d 484, 485.

For the reasons stated, we conclude that we improperly granted leave to appeal. The appeal is dismissed.

Dismissed.

MILLS and TRAPP, JJ., concur.