# ILLINOIS OFFICIAL REPORTS

## Appellate Court

---

### *In re B.C.P.*, 2012 IL App (3d) 100921

---

| | |
|---|---|
| Appellate Court Caption | *In re* B.C.P., a Minor (The People of the State of Illinois, Petitioner-Appellant, v. B.C.P., Respondent-Appellee). |
| District & No. | Third District<br>Docket No. 3-10-0921 |
| Filed | January 23, 2012 |
| Held<br>(*Note: This syllabus constitutes no part of the opinion of the court but has been prepared by the Reporter of Decisions for the convenience of the reader.*) | In a juvenile delinquency proceeding, the State's interlocutory appeal from the trial court's order suppressing a statement made by respondent was dismissed for lack of jurisdiction, since Supreme Court Rule 662 provides for interlocutory appeals in juvenile proceedings only when a dispositional order has not been entered within 90 days from an adjudication of wardship or a revocation of probation or conditional discharge; furthermore, the appellate court rejected the State's contention that Supreme Court Rule 604(a)(1) was incorporated into appeals in juvenile proceedings through Rule 660(a) and allowed an interlocutory appeal in the instant case. |
| Decision Under Review | Appeal from the Circuit Court of Henry County, No. 10-JD-25; the Hon. Ted J. Hamer, Judge, presiding. |
| Judgment | Appeal dismissed. |

Counsel on Appeal

Terence M. Patton, State's Attorney, of Cambridge (Stephen E. Norris and Rebecca E. McCormick, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

Kerry J. Bryson, of State Appellate Defender's Office, of Ottawa, for appellee.

Panel

JUSTICE CARTER delivered the judgment of the court, with opinion.

Justices Holdridge and McDade concurred in the judgment and opinion.

## OPINION

¶ 1    The State brings this interlocutory appeal in a juvenile delinquency proceeding to challenge the trial court's ruling, which granted the motion to suppress the statement of the respondent-minor, B.C.P. The State argues that: (1) this court has jurisdiction to hear this appeal; (2) the trial court applied the wrong legal standard in granting the motion to suppress; and (3) even if the correct legal standard was applied, the trial court erred in granting the motion to suppress. We dismiss the State's interlocutory appeal for lack of jurisdiction.

¶ 2                                      FACTS

¶ 3    In June of 2010, the State filed a petition pursuant to the Juvenile Court Act of 1987 (Act) (705 ILCS 405/1-1 *et seq.* (West 2008)) seeking to have 13-year-old B.C.P. adjudged a ward of the court. The petition alleged that B.C.P. was a delinquent minor in that B.C.P. had committed aggravated criminal sexual abuse (720 ILCS 5/12-16(c)(2)(i) (West 2008); 705 ILCS 405/5-105(3) (West 2008)). B.C.P. filed a motion to suppress the inculpatory statement that B.C.P. had made to a police officer and a child protection worker. After a hearing, the trial court granted the motion to suppress. The State filed a certificate of impairment and brought this interlocutory appeal to challenge the trial court's ruling.

¶ 4                                    ANALYSIS

¶ 5    On appeal, the State, recognizing that there may be a possible jurisdictional problem, argues first that this court has jurisdiction to hear an interlocutory appeal brought by the State in a juvenile delinquency proceeding from a trial court's order granting a minor's motion to suppress a statement. The State asserts that jurisdiction is conferred upon this court through Illinois Supreme Court Rule 604(a)(1) (eff. July 1, 2006), which the State argues is incorporated into juvenile delinquency proceedings through Illinois Supreme Court Rule 660(a) (eff. Oct. 1, 2001). The State asserts further that allowing an interlocutory appeal in

this context will further the Act's purpose, to punish minor offenders and to protect the public. See 705 ILCS 405/5-101 (West 2008).

¶ 6        B.C.P. argues that the State may not bring an interlocutory appeal of this nature in a juvenile delinquency proceeding and that this court does not have jurisdiction to hear this appeal. B.C.P. asserts that Rule 660(a) applies only to final judgments in a juvenile delinquency proceeding and does not incorporate the provision of Rule 604(a)(1) that allows the State to bring an interlocutory appeal from a trial court's order of suppression in a criminal case. B.C.P. asserts further that Illinois Supreme Court Rule 662 (eff. Oct. 1, 1975) governs interlocutory appeals in juvenile delinquency proceedings and does not provide for an interlocutory appeal under these circumstances. And finally, in response to the State's policy arguments, B.C.P. contends that denial of an interlocutory appeal in this context would serve the Act's purpose of rehabilitation and would promote the public policy interest in keeping juvenile proceedings from dragging on for several years.

¶ 7        The interpretation of a supreme court rule is a question of law that is subject to *de novo* review on appeal. *People v. Santiago*, 236 Ill. 2d 417, 428 (2010). The same principles that govern the interpretation of a statute also govern the interpretation of a supreme court rule. *Santiago*, 236 Ill. 2d at 428. In interpreting a rule, a court should consider all of the provisions of the rule as a whole and should presume that the drafters did not intend to produce absurd, inconvenient, or unjust results. *People v. Marker*, 233 Ill. 2d 158, 166-67 (2009). The primary goal in interpretation of a rule is to ascertain and give effect to the intent of the drafters. *Santiago*, 236 Ill. 2d at 428. The most reliable indicator of that intent is the language of the rule itself, which should be given its plain and ordinary meaning. See *Santiago*, 236 Ill. 2d at 428; *Marker*, 233 Ill. 2d at 165. If the language of the rule is clear and unambiguous, it must be enforced as written without considering extrinsic aides of interpretation. *Santiago*, 236 Ill. 2d at 428.

¶ 8        In general, the appellate court only has jurisdiction to review an appeal from a final judgment and does not have jurisdiction to review an interlocutory appeal, unless jurisdiction is specifically provided for by supreme court rule. *In re J.N.*, 91 Ill. 2d 122, 126 (1982); *In re A.M.*, 94 Ill. App. 3d 86, 87-88 (1981). There are two supreme court rules that provide for appeals in juvenile delinquency proceedings: Rule 660(a) and Rule 662. See *A.M.*, 94 Ill. App. 3d at 88. Rule 660(a) speaks to final judgments and provides that in a juvenile delinquency proceeding, "[a]ppeals from final judgments *** shall be governed by the rules applicable to criminal cases," except where otherwise specifically provided. Ill. S. Ct. R. 660(a). Rule 662, on the other hand, specifically provides for interlocutory appeals in a juvenile delinquency proceeding, but only under very limited circumstances–when a dispositional order has not been entered within 90 days from either an adjudication of wardship or a revocation of probation or conditional discharge. See Ill. S. Ct. R. 662; *In re Olivia C.*, 371 Ill. App. 3d 473, 475 (2007); *In re Hershberger*, 132 Ill. App. 3d 332, 334 (1985). Neither of those circumstances is present in the instant case.

¶ 9        As noted above, the State asserts that Supreme Court Rule 604(a)(1) is incorporated into appeals in juvenile proceedings through Rule 660(a) and allows the State to file an interlocutory appeal in the present case. We do not agree. We cannot read exceptions, limitations, or conditions into Rule 660(a) that the drafters did not intend. See *Town &*

*Country Utilities, Inc. v. Illinois Pollution Control Board*, 225 Ill. 2d 103, 117 (2007). The plain language of Rule 660(a) is clear and unambiguous. Although Rule 660(a)'s reference to "rules" incorporates the supreme court rules as the State suggests (see *In re W.C.*, 167 Ill. 2d 307, 324 (1995)), it does so only in the context of "[a]ppeals from final judgments." Ill. S. Ct. R. 660(a). A ruling on a motion to suppress is not a final judgment. *People v. Brooks*, 187 Ill. 2d 91, 127 (1999). Thus, we reject the State's assertion that Rule 660(a)'s incorporation of the supreme court rules allows the State to bring an interlocutory appeal under Rule 604(a)(1) to challenge a trial court's grant of a motion to suppress in a juvenile delinquency proceeding.

¶ 10 In support of its assertion to the contrary, the State relies upon the cases of *People v. Martin*, 67 Ill. 2d 462 (1977), and *People v. DeJesus*, 127 Ill. 2d 486 (1989). Those cases, however, do not support the State's assertion and do not persuade us to reach a different conclusion. In each of those cases, the appellate court was faced with an order of the trial court which effectively terminated the criminal proceedings against the accused, although the proceedings in the juvenile court may still have remained. See *Martin*, 67 Ill. 2d at 465; *DeJesus*, 127 Ill. 2d at 497. While it is true that the supreme court stated in passing in *DeJesus* that Rule 604(1) also applies in juvenile delinquency proceedings through Rule 660(a) (*DeJesus*, 127 Ill. 2d at 495), the supreme court's more recent decision in *In re K.E.F.*, 235 Ill. 2d 530, 541-43 (2009) (Burke, J., dissenting, joined by Freeman, J.), seems to make clear that the supreme court has not yet definitively ruled on the issue.

¶ 11 Furthermore, had the drafters intended to allow an interlocutory appeal from a suppression order in a juvenile delinquency proceeding, they would have so provided in Rule 662. Because the drafters did not include those circumstances in Rule 662, we must presume that the drafters did not intend for those circumstances to form the basis of an interlocutory appeal in a juvenile delinquency case. See *Santiago*, 236 Ill. 2d at 431-32 (legislature's use of certain language in one instance and wholly different language in another indicates legislature's intent to produce different results, and it is presumed that legislature's omission of the language in the second instance is deliberate). Nor are we persuaded by the State's public policy argument, as such an argument may reasonably be made to support either party's position in this appeal consistent with the multiple purposes of the Act. See, *e.g.*, 705 ILCS 405/1-2, 5-101 (West 2008).

¶ 12 Based upon the above analysis, we find that the State may not bring an interlocutory appeal in a juvenile delinquency proceeding from a trial court's order granting a motion to suppress. We conclude, therefore, that this court does not have jurisdiction to rule upon the remaining issues raised by the State in this appeal, which pertain to the merits of the trial court's ruling on the motion to suppress.

¶ 13 For the foregoing reasons, we dismiss the State's interlocutory appeal for lack of jurisdiction.

¶ 14 Appeal dismissed.