THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, v. A.T., JR., Defendant-Appellee.

Second District    No. 2—98—0165

Opinion filed March 10, 1999.

David R. Akemann, State's Attorney, of St. Charles (Martin P. Moltz and Gregory L. Slovacek, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

G. Joseph Weller and Jack Hildebrand, both of State Appellate Defender's Office, of Elgin, for appellee.

JUSTICE INGLIS delivered the opinion of the court:

This appeal presents the question of whether the trial court correctly construed section 5—4 of the Juvenile Court Act of 1987 (Act) (705 ILCS 405/5—4 (West 1996)) when it decided that defendant's case should be returned to juvenile court for disposition instead of remaining in criminal court for sentencing. Defendant's case was transferred to criminal court pursuant to section 5—4(3.3)(a) of the Act (705 ILCS 405/5—4(3.3)(a) (West 1996)), which lists certain offenses that give rise to a rebuttable presumption that a minor's case should be transferred to criminal court. In criminal court, defendant pleaded guilty to offenses that were not among those listed in section 5—4(3.3)(a). The State then nol-prossed the offenses that gave rise to the rebuttable presumption to transfer. The trial court later granted defendant's petition to transfer his case back to juvenile court for disposition. The State appealed. We affirm.

On February 6, 1997, the State initiated delinquency proceedings under the Act against defendant, who was 15 years old at the time. The State alleged that defendant committed offenses that included at-

tempted first degree murder (720 ILCS 5/8—4, 5/9—1(a)(1) (West 1996)) and aggravated discharge of a firearm (720 ILCS 5/24—1.2(a)(2) (West 1996)). Both first degree murder and aggravated discharge of a firearm are predicate offenses that give rise to a rebuttable presumption to transfer a minor's case to criminal court. See 705 ILCS 405/5—4(3.3)(a) (West 1996). On the same date, the State filed a petition to transfer defendant's case to criminal court pursuant to section 5—4(3.3)(a) of the Act. At a transfer hearing, a judge found that there was probable cause to transfer. Defendant's case was then transferred to criminal court.

In criminal court, defendant was charged by information with attempted first degree murder, aggravated discharge of a firearm, unlawful possession of firearms (720 ILCS 5/24—3.1(a)(1) (West 1996)), possession of a firearm without the requisite firearm owner's identification card (430 ILCS 65/2(a)(1) (West 1996)), defacing identification marks on a firearm (720 ILCS 5/24—5(a) (West 1996)), and two counts of unlawful use of a weapon (720 ILCS 5/24—1(a)(4), (a)(10) (West 1996)). Of these charges, attempted first degree murder and aggravated discharge of a firearm were the only charges that gave rise to a rebuttable presumption to transfer defendant's case to criminal court. See 705 ILCS 405/5—4(3.3)(a) (West 1996).

Defendant subsequently tendered cold pleas of guilty to the charges of possession of a firearm without the requisite firearm owner's identification card and one count of unlawful use of a weapon. The trial court accepted defendant's pleas. The trial court also granted the State's motion to nol-pros all the other charges against defendant, including the charges of attempted murder and aggravated discharge of a firearm.

Defendant then filed a petition to transfer his case back to juvenile court. Defendant wanted the juvenile court to make an order of disposition with respect to the charges to which he had pleaded guilty rather than be sentenced on those charges under adult sentencing provisions in criminal court. Defendant asserted that a disposition order in juvenile court was appropriate because the State nol-prossed the charges that gave rise to the presumptive transfer to criminal court.

The State subsequently filed a motion to retain jurisdiction in criminal court. The State asserted that defendant should be sentenced as an adult despite its "dismissal" of the attempted first degree murder and aggravated discharge of a firearm charges.

After conducting a hearing on the matter, the criminal court judge entered an order returning defendant's case to juvenile court. The order stated that defendant's case was being returned to juvenile court

for a dispositional hearing and for the resolution of all other matters having to do with defendant's case. The State's timely appeal followed.

■ We first address defendant's contention that we must dismiss the State's appeal for lack of jurisdiction. Defendant maintains that Supreme Court Rule 604(a)(1) (145 Ill. 2d R. 604(a)(1)) limits the State's right to appeal in criminal cases to certain specified situations and that the situation in this case is outside the scope of Rule 604(a)(1). Defendant argues that we therefore are without jurisdiction to hear the appeal.

Relying on *People v. DeJesus*, 127 Ill. 2d 486 (1989), the State responds that we have jurisdiction under Rule 604(a)(1) because the rule allows appeals where, as here, the order appealed from substantively terminates a criminal prosecution that was incomplete. In *DeJesus*, the State charged the minor defendant in criminal court with first degree murder. The State initiated the proceedings in criminal court pursuant to provisions in the Act referred to as "automatic transfer" provisions. These provisions mandated the transfer of a minor's case to criminal court when the minor was alleged to have committed certain offenses, including first degree murder. A jury acquitted the defendant of the murder charge but found her guilty of armed robbery, an offense that did not trigger the automatic transfer provisions. Despite other provisions in the Act that required further proceedings to be conducted in juvenile court, the State sought to have the defendant sentenced in criminal court. A judge who was designated to rule on the matter determined that further proceedings should be conducted under the Act. The State did not appeal at that point. Rather, it argued before another judge who had been designated to enter the dispositional order in juvenile court that the statute requiring retransfer to juvenile court was unconstitutional.

In *DeJesus*, our supreme court noted that appeals by the State under Rule 604(a)(1) are allowed when the State's interest in prosecuting its case has been terminated before the final completion of the prosecution and that final completion includes sentencing. *DeJesus*, 127 Ill. 2d at 496. The court then determined that the ruling in that case to transfer the case back to juvenile court effectively terminated the criminal prosecution before final judgment and that the State therefore should have appealed at that point. *DeJesus*, 127 Ill. 2d at 497.

This determination in *DeJesus* implies that the State has a right to appeal under Rule 604(a)(1) when the trial court decides to retransfer a case to juvenile court before sentencing. The rationale for the State's right to appeal in *DeJesus* was that the ruling substantively terminated the criminal prosecution before the prosecution was

complete. We believe that the same rationale applies in this case and that the State therefore had a right to appeal under Rule 604(a)(1) when the trial court decided to return defendant's case to juvenile court for disposition. Because the State had a right to appeal under Rule 604(a)(1), we have jurisdiction.

We now turn to the State's contention that the trial court erred when it returned defendant's case to juvenile court for disposition rather than retain the case in criminal court for the sentencing of defendant as an adult. The parties agree that subsection (3.3)(a) of section 5—4 of the Act is controlling and that the trial court based its ruling on its construction of subsection (3.3)(a). It appears that the question of the proper construction of subsection (3.3)(a) in the context of a possible retransfer to juvenile court when, after a plea, the minor is only convicted of an offense that does not give rise to the rebuttable presumption of subsection (3.3)(a) is an issue of first impression. The resolution of this issue requires us to construe subsection (3.3)(a).

■ We begin our analysis with a review of rules pertaining to statutory construction. The cardinal rule of statutory construction is to ascertain and give effect to the true intent of the legislature. *People v. Latona*, 184 Ill. 2d 260, 269 (1998). The most reliable indicator of legislative intent is the language of the statute; however, a court may also consider the reason and necessity for the statute, the evils to be remedied, and the objectives to be attained. *Latona*, 184 Ill. 2d at 269. In ascertaining the legislature's intent, courts should avoid a construction of the statute that would defeat the statute's purpose or yield an absurd or unjust result. *Latona*, 184 Ill. 2d at 269. Because the construction of a statute is a question of law, our review is *de novo*. *Lucas v. Lakin*, 175 Ill. 2d 166, 171 (1997).

■ In order to properly construe subsection (3.3)(a) of section 5—4 of the Act, we start with an overview of section 5—4 (705 ILCS 405/ 5—4 (West 1996)). The first subsection of section 5—4 states that the criminal prosecution of a minor who was under 17 years of age at the time of the alleged offense is limited to the situations set out in section 5—4. 705 ILCS 405/5—4(1) (West 1996). Section 5—4 then sets out various situations where a minor may request that a criminal prosecution be ordered (see 705 ILCS 405/5—4(5) (West 1996)); where the State may request permission to prosecute a minor under criminal laws (see 705 ILCS 405/5—4(3)(a), (3.1), (3.2) (West 1996)); and where, when a minor is charged with committing a certain crime, the proceedings must take place in criminal court (see 705 ILCS 405/5—4(6)(a), (7)(a), (8)(a), (9)(a) (West 1996)). We will refer to these latter subsections of section 5—4 as "mandatory transfer" provisions or subsections.

■ The mandatory transfer subsections in section 5—4 (705 ILCS 405/5—4(6)(a), (7)(a), (8)(a), (9)(a) (West 1996)) contain related provisions that set out the procedures to follow when "after trial or plea" the minor is not convicted of a predicate offense but only of some other offense. These procedures specify, with some exceptions, that "unless the State requests a hearing for the purpose of sentencing the minor [as an adult] under Chapter V of the Unified Code of Corrections, the Court must proceed under [the Act]," *i.e.*, the criminal court must return the case to juvenile court for disposition. 705 ILCS 405/5—4(6)(c)(ii), (7)(c)(ii), (9)(c)(ii) (West 1996).

Thus, when a minor who was charged with an offense that triggered the mandatory transfer provisions is convicted only of an offense or offenses that would not have triggered the mandatory transfer provision, section 5—4 generally provides that the case should be transferred back to juvenile court. In such circumstances, if the State makes a timely request for a hearing for the purpose of sentencing the minor under the adult sentencing provisions, the trial court then conducts a hearing to determine if the request should be granted. See, *e.g.*, 705 ILCS 405/5—4(6)(c)(ii) (West 1996).

Subsection (3.3)(a) of section 5—4 provides that it applies when a petition brought in juvenile court alleges that a minor who was 15 years old or older committed one or more of several listed offenses. The list of offenses in subsection (3.3)(a) includes "a Class X felony other than armed violence" (attempted first degree murder is such an offense) and "aggravated discharge of a firearm." 705 ILCS 405/5—4(3.3)(a)(i), (a)(ii) (West 1996). In such situations, the State may seek permission to prosecute the minor as an adult under the criminal laws, and when it seeks such permission "there is a rebuttable presumption that the minor is not a fit and proper subject to be dealt with under [the Act], and *** the case should be transferred to the criminal court" unless the trial court determines, through an evaluation of specified factors, that the case should not be transferred. 705 ILCS 405/5—4(3.3)(a)(v) (West 1996).

Unlike the mandatory transfer subsections, subsection (3.3) does not contain related provisions setting out procedures to be followed when a minor is convicted of an offense in criminal court but is not convicted of a predicate offense. This absence of such procedures is at the heart of the dispute in this case.

The State contends that the legislature deliberately did not provide such procedures in subsection (3.3). The State argues that the legislature's intent was for the hearing that determined whether the rebuttable presumption was overcome to stand throughout the proceedings and therefore to have the minor sentenced as an adult on

all the offenses of which he is convicted even if none of those offenses are predicate offenses.

■ We disagree. The overriding purpose of the Act is to ensure that the best interests of a minor, the minor's family, and the community are served. *In re W.C.*, 167 Ill. 2d 307, 320 (1995). At each stage of the adjudication process of a minor, the trial court has a duty to further the purpose of the Act. *In re M.D.H.*, 297 Ill. App. 3d 181, 186 (1998). Courts must liberally construe the Act to carry out its purpose. 705 ILCS 405/1—2(4) (West 1996).

■ We believe that courts can best fulfill their duties with respect to minors if they are allowed to make a new determination of whether a minor's case should be returned to juvenile court for disposition or retained in criminal court for sentencing after a minor whose case has been transferred to criminal court pursuant to subsection (3.3)(a) is found guilty only of an offense or offenses that are not predicate offenses under subsection (3.3)(a). None of the State's arguments for precluding such a determination is persuasive.

We recognize that subsection (3.3)(a) is silent in this regard. However, we agree with the trial court's conclusion that it would be illogical to allow such a determination with respect to the mandatory transfer subsections of section 5—4 but not allow such a determination with respect to a rebuttable presumption transfer pursuant to subsection (3.3)(a).

We are mindful of the State's argument that when a minor's case has been properly transferred to criminal court pursuant to subsection (3.3)(a) the trial court has already made a determination as to whether the minor's case should be adjudicated in juvenile court or in criminal court and that there is no reason to make another such determination simply because the minor was not convicted of a predicate offense. However, we believe that the trial court should be allowed to make a new determination in such circumstances so that it can evaluate any additional information that may have come to light since the prior determination. This will best fulfill the purposes of the Act.

In this case, the record on appeal does not indicate the basis of the trial court's determination to return defendant's case to juvenile court for disposition. The State does not contend that the trial court abused its discretion when it made the determination. Rather, the State contends only that the trial court should not have made the determination. We have already determined that it was appropriate for the trial court to make the determination.

The judgment of the circuit court of Kane County to return defendant's case to juvenile court for disposition is affirmed.

Affirmed.

THOMAS and GALASSO, JJ., concur.