THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. JOSEPH HERMAN, Defendant-Appellant.

First District (1st Division)    No. 1—02—3383

Opinion filed March 29, 2004.

Paul Bradley, of Chicago, for appellant.

Richard A. Devine, State's Attorney, of Chicago (Renee Goldfarb, Alan Spellberg, and Jon Neuleib, Assistant State's Attorneys, of counsel), for the People.

PRESIDING JUSTICE O'MALLEY delivered the opinion of the court:

Following a bench trial, defendant, Joseph Herman, was found guilty of aggravated arson (720 ILCS 5/20—1.1 (West 2002)) and was sentenced to six years in prison. On appeal, defendant raises the following issues: (1) whether the firefighter was injured as a result of the

fire or explosion in the manner required by the aggravated arson statute; and (2) whether the trial court erred in denying defendant's posttrial motion alleging that the complaint was insufficient to charge him with aggravated arson. For the reasons that follow, we affirm defendant's conviction.

## BACKGROUND

Defendant provided a statement to police which was stipulated to by the parties and read into the record. According to defendant's statement, beginning in late March 2002, defendant observed drug activity in the parking lot of 6132 South Kedzie. He subsequently provided Chicago police officer Andrew Costello with information regarding the sale of drugs in the area. On April 11, 2002, defendant climbed through one of the back windows of the building at 6132 South Kedzie and observed a container marked "biohazard." There were a number of needles in the container which he spread out onto the floor. Defendant saw a couple of people on the second floor who told him not to touch "their stuff." Defendant proceeded to go back downstairs and placed a T-shirt on top of a cardboard box. He lit the T-shirt on fire, climbed back outside the building, and walked to the front. Defendant made sure that the people he had previously seen inside the building exited safely. Defendant acknowledged that he had made a mistake in starting the fire and apologized.

At trial, Reverend Luis Ruiz testified that in 1998, he purchased the brick building at 6132 South Kedzie for use as a church. Services had been held in the building for a period of months before the building was boarded up for remodeling. Ruiz inspected the building on April 12, 2002, and it was completely burned out.

Charles Swan, a 19-year veteran of the Chicago fire department, testified that on the morning of April 11, 2002, he responded to a report of fire at 6132 South Kedzie. There were approximately 10 other firefighters at the scene when he arrived, some of whom were already in the burning building, while others were on the roof. Swan was assigned to climb a 20-foot wooden ladder in order to knock a hole in the roof to allow smoke to escape. Swan and another firefighter took a ladder from the truck, placed it against the back of the building, and rested the ladder on the gravel ground. While climbing the ladder, Swan carried an ax, which weighed approximately 15 pounds, and a pipe pole that was approximately 6 feet long.

After Swan climbed to the top of the building, the ladder started to "kick *** out from the building." The bottom was sliding away from the building and the top was sliding back. Swan "was holding on and [he] knew [he] was getting ready to come off the building the

wrong way." Swan fell off the ladder approximately 18 feet from the ground, broke his right leg and seriously injured his knee. At the time of trial, he was unable to return to work as a result of the injuries he sustained on April 11, 2002. Swan denied that smoke or fire caused him to fall off of the ladder.

On cross-examination, the following colloquy, relied upon by defendant, transpired between defense counsel and Swan:

"Q. Isn't there supposed to be somebody down there steadying that ladder?

A. Yes.

Q. Who was that?

A. The lieutenant.

Q. And he didn't or couldn't or what was it?

A. He didn't.

Q. Did he walk away from that ladder?

A. Yes."

The trial court then posed the following questions:

"[THE COURT]: You say that your lieutenant was at the bottom of the ladder at the time you climbed up?

A. At the time that I climbed up.

Q. Was he supposed to stay there and stabilize that ladder while you climbed up or what is normal procedure?

A. Yes, sir. That's the normal procedure.

Q. Do you know why he did not remain there?

A. No I don't."

Chicago police officer Joseph Nemcovic testified that on April 11, 2002, he responded to a fire on South Kedzie. The building was engulfed in flames by the time he arrived. He observed defendant standing in the alley behind the building. Defendant was arrested after Officer Nemcovic interviewed an eyewitness who identified defendant as the individual who set the fire.

The trial court found defendant guilty of aggravated arson, reasoning:

"Well, I agree that the firemen [sic] was injured acting in the line of duty and as a result of the arson. The fact that the sergeant [sic] walked away, I don't know the facts and circumstances surrounding it. I don't believe this fact alone would be an intervening or superceding circumstances that would exempt the defendant under the statute. And based on that and my interpretation of the statute I find that the State has proven their case beyond a reasonable doubt."

Defendant filed a posttrial motion challenging his indictment. The trial court denied defendant's motion for a new trial and motion in arrest of judgment, reasoning that the indictment "incorporates the

statute with the specific wording therein right in the indictment. So there should be no confusion." Defendant was sentenced to six years' imprisonment.

## ANALYSIS

### I

■ Defendant contends that the court erred in finding defendant guilty of aggravated arson when an element of the offense was not proved. Specifically, defendant contends that the State failed to prove that the fireman was injured as a result of the fire, a statutory element that he believes the trial court misunderstood. Generally, when a defendant challenges the sufficiency of the evidence, the standard of review is whether any reasonable trier of fact could have found the essential elements of the offense beyond a reasonable doubt when viewing the evidence in the light most favorable to the State. *People v. Collins*, 106 Ill. 2d 237, 261 (1985). However, when the issue involves statutory construction and uncontested facts, our review is *de novo*. *People v. A.T.*, 303 Ill. App. 3d 531, 535 (1999).

■ Section 20—1.1(a)(3) provides, in pertinent part:

"A person commits aggravated arson when in the course of committing arson he knowingly damages, partially or totally, any building or structure *** and *** (3) *a fireman or policeman who is present at the scene acting in the line of duty, is injured as a result of the fire or explosion.*" (Emphasis added.) 720 ILCS 5/20—1.1(a)(3) (West 2002).

■ For purposes of our analysis, we must attempt to understand the intent of the legislature relative to the statute at issue here. The principal rule of statutory construction is to give effect to the language and intent of the legislature. *People v. Hicks*, 164 Ill. 2d 218, 222 (1995). In determining legislative intent, words in the statute are to be given their plain and ordinary meaning. *Hicks*, 164 Ill. 2d at 222. Thus, a court must consider every statutory provision and attach a reasonable meaning to every word or phrase. *In re S.P.*, 323 Ill. App. 3d 352, 357 (2001). When a statute is unambiguous, it must be enforced as enacted, and a court may not depart from its plain language by reading into it exceptions, limitations, or conditions not expressed therein. *People v. Woodard*, 175 Ill. 2d 435, 443 (1997).

The statute here is clear and unambiguous. Our decision in this case is, therefore, dictated by the plain language of section 20—1.1(a)(3). See *Allstate Insurance Co. v. Menards, Inc.*, 202 Ill. 2d 586, 594 (2002), citing *Petersen v. Wallach*, 198 Ill. 2d 439, 446 (2002) (when statutory language is unambiguous, a court should not look beyond the language to the legislative history).

■ Section 20—1.1(a)(3) requires that the firefighter, in the line of duty, "is injured *as a result of* the fire or explosion." (Emphasis added.) 720 ILCS 5/20—1.1(a)(3) (West 2002). The first requirement is that the firefighter is acting in the line of duty. Second, the statute requires that there is an injury. Third, the injury must be a result of the fire or explosion.

In *People v. Hanks*, 174 Ill. App. 3d 555 (1988), a case examined by both parties, the defendant was convicted of aggravated arson based on the injuries sustained by two firefighters. On appeal, the defendant argued that the smoke inhalation both volunteer firefighters suffered and the pain in the wrist of one were not injuries traumatic enough to warrant an aggravated arson conviction. He further argued that the firefighters could have prevented the harm caused by the smoke inhalation by wearing the protective gear available to them. *Hanks*, 174 Ill. App. 3d at 558. The appellate court disagreed, reasoning that defendant's interpretation of injury conflicted with the statute's purpose of elevating the seriousness of the offense of arson where a firefighter is injured in the line of duty. *Hanks*, 174 Ill. App. 3d at 558-59. The court stated:

> "But for defendant's act of arson, the health of Russell and Snow would not have been harmed or damaged. Their injuries, however slight, were caused by defendant's criminal behavior, the fire defendant started. The possibility the fire fighters could have avoided some of their injuries does not excuse defendant's conduct." *Hanks*, 174 Ill. App. 3d at 559.

Though the issue before the court in *Hanks* is not the precise issue before us here, we find the aforementioned discussion helpful. In the instant case, Swan's injuries were serious. But for defendant's act of arson, the health of Swan would not have been jeopardized, much less damaged. Swan was on the ladder at this location because of defendant's admitted actions.

■ While defendant's arson was not the last or the only cause of the firefighter's fall, the statute's inclusion of the phrase "as a result of" brings us into an analysis of proximate cause in this case. Proximate cause is defined as that cause which produces an injury through a natural and continuous sequence of events unbroken by any effective intervening cause. *Block v. Lohan Associates, Inc.*, 269 Ill. App. 3d 745, 756 (1993). Defendant's negligence will not constitute a proximate cause of plaintiff's injuries if some intervening act supercedes the defendant's, but if the defendant could reasonably foresee the intervening act, that act will not relieve the defendant of liability. *Parsons v. Carbondale Township*, 217 Ill. App. 3d 637, 647 (1991). An intervening cause is "[a]n event that comes between the initial event

in a sequence and the end result, thereby altering the natural course of events that might have connected a wrongful act to an injury." Black's Law Dictionary 212 (7th ed. 1999).

■ The purposely set fire was the very reason that Swan was present at the scene. He was on the ladder because he was assigned to cut a hole in the roof, also a part of his fire-fighting duties. He fell off the ladder and suffered injury to his right leg and knee while fighting the fire. It is a foreseeable possibility that individuals, including fire-fighters, may be injured as a result of the arson one sets. The phrase "as a result of" found in the statute supports the holding that the injury need not be directly caused by the fire or explosion, but that there may be a chain of events between defendant's start of the fire and the firefighter's injury. The lieutenant's actions did not alter the natural course of events that might have connected defendant's wrongful act to Swan's injury. The fact that the ladder was not being held as normally done does not rise to the level of an intervening cause sufficient to break the causal connection and become in itself the sole proximate cause. See *Block*, 269 Ill. App. 3d at 756-57. We hold that defendant, therefore, is not exempt under this statute and his conviction is supported by the evidence.

## II

Next, defendant contends that the trial court erred by denying his posttrial motion in arrest of judgment (pursuant to section 116—2(c) of the Code of Criminal Procedure of 1963 (725 ILCS 5/116—2(c) (West 2002))) because the indictment did not charge that the firefighter was injured "as a result of fire or explosion," but charged that he was injured "as a result of the arson."

■ Section 116—2(c) provides:

"(c) A motion in arrest of judgment attacking the indictment, information, or complaint on the ground that it does not charge an offense shall be denied if the indictment, information, or complaint apprised the accused of the precise offense charged with sufficient specificity to prepare his defense and allow pleading a resulting conviction as a bar to future prosecution out of the same conduct." 725 ILCS 5/116—2(c) (West 2002).

■ The indictment here charged that defendant committed the offense of aggravated arson:

"[I]n that, he when in the course of *committing arson, by means of fire*, knowingly damaged a building and structure located at or about 6132 South Kedzie, Chicago *** and Charles Swan, a firefighter who was present at the scene, acting in the line of duty, *was injured as a result of the arson*, to wit: suffered a broken leg, in violation of Chapter 720, Act 5, Section 20—1.1(a)(3) of the Illinois Compiled Statutes, as amended." (Emphasis added.)

An indictment that has been challenged for the first time through a posttrial motion in arrest of judgment is subject to the prejudice standard of review. See *People v. Benitez*, 169 Ill. 2d 245, 256 (1996), interpreting *People v. Gilmore*, 63 Ill. 2d 23 (1976). In other words, the indictment must sufficiently inform the defendant of the charges against him and be precise enough so that he may not be charged with the same crime again in the future. If the charging instrument fails to set forth the elements of the offense, then a motion in arrest of judgment, once made, must be granted. *People v. Villareal*, 114 Ill. App. 3d 389, 394 (1983).

The indictment in the case *sub judice* states that the firefighter was injured "as a result of the arson," while the statute says "as a result of the fire or explosion." We hold that defendant suffered no prejudice based on the language used in the indictment against him. The indictment clearly stated that he was accused of "arson, by means of fire," that resulted in specific injuries to a firefighter. The indictment, in our view, informed defendant of the nature and all of the elements of the charges against him. Defendant admitted to setting the fire and his defense strategy was centered on the argument that Swan was not injured "by fire or explosion" and that he was injured because a fellow firefighter did not stabilize the ladder. Defendant has not persuaded this court that the indictment failed to apprise him of the precise offense he was charged with or that it lacked sufficient specificity to prepare his defense.

## CONCLUSION

The judgment of the circuit court of Cook County is affirmed. Also, the State's request for fees in the sum of $100 is granted pursuant to section 4—2002.1(a) of the Counties Code (55 ILCS 5/4—2002.1(a) (West 1992)).

Affirmed.

McNULTY and McBRIDE, JJ., concur.