NOTICE
Decision filed 05/25/21. The
text of this decision may be
changed or corrected prior to
the filing of a Peti ion for
Rehearing or the disposition of
the same.

2021 IL App (5th) 190450

NO. 5-19-0450

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

| | | |
|---|---|---|
| *In re* ZACHARY G., a Minor | ) | Appeal from the |
| | ) | Circuit Court of |
| (The People of the State of Illinois, | ) | Monroe County. |
| | ) | |
| Petitioner-Appellant, | ) | |
| | ) | |
| v. | ) | No. 19-JD-7 |
| | ) | |
| Zachary G., | ) | Honorable |
| | ) | Julia R. Gomric, |
| Respondent-Appellee). | ) | Judge, presiding |

PRESIDING JUSTICE BOIE delivered the judgment of the court, with opinion.
Justices Welch and Vaughan concurred in the judgment and opinion.

**OPINION**

¶ 1    The People of the State of Illinois appeal from the trial court's order denying the State's motion to designate the proceedings as an extended jurisdiction juvenile (EJJ) prosecution, pursuant to section 5-810 of the Juvenile Court Act of 1987 (Act) (705 ILCS 405/5-810 (West 2018)). Specifically, the State argues that the trial court abused its discretion where it applied an erroneous legal standard in denying the State's motion to designate the case as an EJJ prosecution. The juvenile does not dispute that the trial court used an erroneous legal standard in ruling on the motion but argues that this court does not have jurisdiction to hear this appeal.

1

¶ 2                                    I. Background

¶ 3     On August 26, 2019, the State filed a petition for adjudication of wardship alleging that

Zachary G., a 14-year-old minor, had committed the offenses of two counts of armed violence and

one count of aggravated battery. On October 24, 2019, the State filed a motion for discretionary

transfer to adult court pursuant to section 5-805(3) of the Act (*id.* § 5-805(3)), and on October 28,

2019, the State filed a motion to designate the proceeding as an EJJ prosecution under section 5-

810 of the Act. The Act provides that when a juvenile court designates a proceeding as an EJJ

prosecution, the minor subject to the EJJ prosecution is entitled to a jury trial. *Id.* § 5-810(3). If the

trial results in a guilty verdict, the trial court must impose a juvenile sentence and an adult sentence,

staying the adult sentence on the condition that the minor not violate the provisions of the juvenile

sentence. *Id.* § 5-810(4).

¶ 4     An evidentiary hearing was held on both motions on October 29, 2019. After hearing

evidence, the court determined that Zachary G. was a minor and that there was probable cause for

the charged offenses. The court then addressed the statutory factors for discretionary transfer as

well as a nonstatutory factor of the potential sentence Zachary G. could receive as an adult. The

trial court concluded that the State failed to prove that the requested transfer to adult court was

appropriate. Regarding the State's petition to designate the proceedings as an EJJ prosecution, the

court simply stated:

> "Though the extended juvenile jurisdiction mechanism offers an extra opportunity for the
>
> juvenile to avoid an adult sentence by fulfilling the conditions of his juvenile sentence, the
>
> ultimate issue of whether the juvenile should, under any mechanism, be punished as an
>
> adult has already been decided by me on the motion to transfer him to the adult system."

2

The court further stated, "So, therefore, because I find that he—the State has failed to meet its burden, that he should be tried and sentenced as an adult under the Motion to Transfer, the Motion to Extend Juvenile Jurisdiction is also denied." On October 30, 2019, the trial court entered a written order denying the motions, and the State filed a certificate of impairment and notice of appeal on the same date.

¶ 5                                   II. Analysis

¶ 6     The State appeals from the trial court's order denying the State's motion to designate the case as an EJJ prosecution. The State argues that the trial court did not apply the proper legal standard to the State's motion but instead assumed that, as a matter of course, its denial of the State's transfer motion necessitated denial of its motion for EJJ prosecution. The trial court's ruling on the State's motion to designate a case as an EJJ prosecution is reviewed for an abuse of discretion. *In re Dontrale E.*, 358 Ill. App. 3d 136, 139 (2005). The defendant concedes that the trial court applied the incorrect legal standard, however, argues that this court does not have jurisdiction to consider the State's appeal of the trial court's denial of the motion to treat the case as an EJJ prosecution. The defendant argues that there is no basis in the Illinois Supreme Court rules for jurisdiction to consider the State's appeal of a motion to designate the case as an EJJ prosecution because it is a nonfinal, interlocutory order in a juvenile case. The State argues that this court has jurisdiction over this appeal as it is a final order and subject to the dictates of Illinois Supreme Court Rule 604(a) (eff. July 1, 2017).

¶ 7                                   A. Jurisdiction

¶ 8     A determination of our jurisdiction over this case involves a matter of statutory and supreme court rule interpretation, which we review *de novo*. *In re Estate of Rennick*, 181 Ill. 2d 395, 401 (1998). The same principles that govern the construction of statutes also guide the

3

interpretation of the supreme court's rules. *People v. Salem*, 2016 IL 118693, ¶ 11. Our goal is to ascertain and give effect to the intention of the drafters of the rule. *Id.* The best indication of that intent is the language of the rule itself, giving it its plain and ordinary meaning. *People v. Thompson*, 238 Ill. 2d 598, 606 (2010).

¶ 9 The Illinois Constitution gives the appellate court jurisdiction to review final judgments. Ill. Const. 1970, art. VI, § 6. That same section provides that this court may provide, by rules, for appeals from other than final judgments. *Id.* Illinois Supreme Court Rule 660(a) (eff. Oct. 1, 2001) provides that the criminal appeals rules apply to appeals from final judgments in delinquent minor proceedings. Appeals from orders in criminal cases by the State are governed by Illinois Supreme Court Rule 604(a)(1) (eff. July 1, 2017). Rule 604(a)(1) provides that

> "the State may appeal only from an order or judgment the substantive effect of which results in dismissing a charge for any of the grounds enumerated in section 114-1 of the Code of Criminal Procedure of 1963; arresting judgment because of a defective indictment, information or complaint; quashing an arrest or search warrant; or suppressing evidence." *Id.*

¶ 10 The supreme court has held that the grounds enumerated in section 114-1 of the Code of Criminal Procedure of 1963 (725 ILCS 5/114-1 (West 2018)) are not exclusive. *People v. Lawson*, 67 Ill. 2d 449, 455-56 (1977). The State retains the right to appeal in any case where the judgment has the substantive effect of resulting in the dismissal of a charge. *People v. DeJesus*, 127 Ill. 2d 486, 495 (1989).

¶ 11 In *People v. Martin*, 67 Ill. 2d 462 (1977), the supreme court upheld the State's right to appeal from a trial court's order denying the State's motion to remove proceedings from juvenile court under section 2-7(3) of the prior version of the Act (Ill. Rev. Stat. 1975, ch. 37, ¶ 702-7(3)

4

(now codified at 705 ILCS 405/5-805(3))), which provided that the judge assigned to juvenile matters may permit prosecution on the criminal charge if he found that it was not in the best interests of the minor or the public to proceed under the Act. *Martin*, 67 Ill. 2d at 464-65. The supreme court reasoned that an appeal pursuant to Rule 604(a)(1) was proper where "the substantive effect of the trial court's action *** was the dismissal of any future indictment." *Id.* at 465. The supreme court looked to the substantive effect of the trial court's ruling which effectively prohibited the filing of criminal charges. *Id.* The court concluded that the trial court's denial of a motion to remove ought not be totally immunized from review. *Id.* at 466.

¶ 12    In *DeJesus*, proceedings against a juvenile were instituted in criminal court pursuant to the "automatic transfer provision" of section 2-7(6)(a) of a prior version of the Act (Ill. Rev. Stat., 1987, ch. 37, ¶ 702-7(6)(a) (now codified at 705 ILCS 405/5-130)). *DeJesus*, 127 Ill. 2d at 488. The juvenile was later acquitted of murder, the charge subjecting him to the "automatic transfer provision," but was found guilty of armed robbery, an offense not listed in section 2-7(6)(a) of the Act. *Id.* at 488-89. The juvenile was found guilty of an offense, armed robbery, which would be subject to the Act rather than the Unified Code of Corrections (Ill. Rev. Stat. 1987, ch. 38, ¶ 1001-1-1 *et seq.*). *DeJesus*, 127 Ill. 2d at 488-89. The State moved to permit sentencing under the Unified Code of Corrections, but the trial court dismissed the State's motion. *Id.* 489-91. When considering whether this order was appealable, the supreme court broadly stated that, "[p]ursuant to Supreme Court Rule 660(a) [citation], Rule 604(a)(1) also applies in juvenile delinquency proceedings." *Id.* at 495.

¶ 13    The supreme court found that implicit in *Martin* was the recognition that the State had an appealable interest in pursuing criminal prosecution, as opposed to delinquency proceedings, and the trial court's action ought not to be totally immunized from review. *Id.* at 495-96. Thus, the

5

supreme court determined that the trial court's order was appealable pursuant to Rule 604(a)(1), where the trial court had jurisdiction to rule on the State's motion to sentence the juvenile under the criminal laws, and the order denying said motion terminated the criminal prosecution prior to final judgment. *Id.* at 498.

¶ 14    *Martin* and *DeJesus* were not examples of the supreme court exercising its power to modify the applicable rules because, in those cases, the supreme court found that the effect of the trial court's orders was the termination of criminal proceedings against the juvenile. *In re B.C.P.*, 2013 IL 113908, ¶ 12. Thus, the appeals were covered by the plain language of the rules. *Id.*

¶ 15    While the supreme court has held that a denial of the State's motion to transfer a juvenile prosecution to adult court may be appealed by the State and a dismissal of the State's motion to sentence the minor pursuant to the Unified Code of Corrections may be appealed by the State, there is no precedent regarding the appealability of an order to designate a case as an EJJ prosecution. The question to be answered here is whether the denial of the State's motion to designate a juvenile case as an EJJ prosecution is also appealable by the State.

¶ 16    Under section 5-810 of the Act, the juvenile court is given authority to impose an adult sentence on a minor in conjunction with a juvenile sentence, staying the adult sentence pending successful completion of the juvenile sentence. 705 ILCS 405/5-810 (West 2018); *In re Christopher K.*, 217 Ill. 2d 348, 369 (2005). A discretionary transfer motion and an EJJ motion decide distinct issues. *In re Christopher K.*, 217 Ill. 2d at 369. Section 5-805 of the Act allows the State to prosecute a minor "under the criminal laws" (705 ILCS 405/5-805(3) (West 2018)), meaning that the minor is prosecuted in the same manner as an adult offender. *In re Christopher K.*, 217 Ill. 2d at 353. A minor convicted and sentenced as an adult has no possibility of avoiding an adult sentence. *Id.* at 370. However, a minor convicted in an EJJ prosecution remains within

6

the juvenile justice system as long as he does not violate the conditions of his juvenile sentence or commit a new offense (705 ILCS 405/5-810(4), (6) (West 2018)). *In re Christopher K.*, 217 Ill. 2d at 370. Whether to designate a case as an EJJ prosecution is not exactly the same as the issue of whether to prosecute a minor as an adult under section 5-805(3). *Id.*

¶ 17    The appellate court has discussed the characteristics of EJJ prosecutions in relation to an *Apprendi*[1] analysis and found that *Apprendi* did not apply to the EJJ statute because the EJJ statute was not an adjudicatory statute, but rather a *dispositional* one, in that it does not determine a respondent's guilt or the specific sentence. *In re M.I.*, 2013 IL 113776, ¶ 43; see also *In re J.W.*, 346 Ill. App. 3d 1, 11-12 (2004) (finding EJJ statute does not violate *Apprendi* because it did not modify or change the elements of the crime the juvenile defendant was charged with, convicted of, and sentenced under); *In re Matthew M.*, 335 Ill. App. 3d 276, 289 (2002) (an EJJ prosecution is like a transfer to adult court under section 5-805(2) and requires the trial court to make a procedural determination as to whether a juvenile should receive an adult sentence; the only difference is under the EJJ prosecution the adult sentence is stayed pending successful completion of the juvenile sentence; and because a trial court's designation of a case as an EJJ prosecution does not adjudicate guilt, due process would not require a jury to make such a procedural determination). The supreme court agreed that the EJJ statute is dispositional, not adjudicatory, in nature. *In re M.I.*, 2013 IL 113776, ¶ 46.

¶ 18    An EJJ designation merely assigns the case a status of being serious enough that an adult sentence can be imposed if the juvenile defendant pleads or is found guilty. *Id.* ¶ 44. The statute even provides that, unlike other juvenile cases, a defendant is eligible to have his or her case

___

[1]In *Apprendi v. New Jersey*, 530 U.S. 466, 490 (2000), the United States Supreme Court "held a criminal defendant has the right to insist that any fact, other than the fact of a prior conviction, that increases his punishment beyond the statutory maximum 'must be submitted to a jury, and proved beyond a reasonable doubt.' " (Internal quotation marks omitted.) *In re M.I.*, 2013 IL 113776, ¶ 40.

7

determined by a jury. 705 ILCS 405/5-810(3) (West 2018). Thus, section 5-810 reflects the legislature's intent to show minors who qualify for the application of the statute greater leniency than minors who qualify for discretionary transfer, while still providing them with a tangible incentive to avoid flouting their juvenile sentences or reoffending. *In re Christopher K.*, 217 Ill. 2d at 370. An EJJ prosecution, like a section 5-805(2) transfer, requires the trial court to make a procedural determination as to whether the juvenile should receive an adult sentence under chapter V of the Unified Code of Corrections (730 ILCS 5/ch. V (West 2018)).

¶ 19     Implicit in the *Martin* decision is a recognition that the State has an appealable interest in pursuing a criminal prosecution, as opposed to delinquency proceedings. *DeJesus*, 127 Ill. 2d at 496. The *DeJesus* court reasoned that since both criminal trials under the Code of Criminal Procedure of 1963 and adjudicatory hearings under the Act result in adjudications that are indistinguishable for purposes of double jeopardy, the State's interest in seeking prosecution under criminal laws must stem from the different dispositional alternatives available under the Unified Code of Corrections and the Act. *Id.* Thus, the State has a right to appeal so that it can pursue sentencing alternatives under the Unified Code of Corrections for the offense charged. *Id.*

¶ 20     We are persuaded by the reasoning in *DeJesus* that "the State's interest in seeking prosecution under criminal laws must stem from the different dispositional alternatives available under the Unified Code of Corrections and the Juvenile Court Act." *Id.* Pursuant to the reasoning of *Martin* and *DeJesus*, we find that a denial of the State's motion to designate a proceeding as an EJJ prosecution is appealable by the State pursuant to Rule 604(a). While only our supreme court has the power to modify the applicable rules, we are simply applying the reasoning in *DeJesus* that the trial court's denial of the EJJ motion forever foreclosed the State's right to seek the imposition of an adult sentence. Therefore, denial of a State's motion to designate an EJJ prosecution is more

8

akin to the dismissal of a criminal charge than to the exclusion of evidence. Under Rule 604(a) the State has a right to appeal any judgment that effectively foreclosed the State from obtaining a final judgment. *Id.* at 497 (citing *People v. O'Mahoney*, 169 Ill. App. 3d 194 (1988)). The juvenile and adult courts do not exist in separate spheres but are part of a single unified trial court. *Id.* at 498. Because the trial court's order effectively terminated the State from seeking an adult disposition, the EJJ statute being dispositional, the denial of the State's motion to designate the juvenile proceeding as an EJJ prosecution foreclosed any adult sentence that would stem from sentencing under the Unified Code of Corrections. The State has an appealable interest in pursuing criminal charges, and the trial court's order terminated a criminal prosecution prior to final judgment. Thus, the appeal is covered by the plain language of the rules.

¶ 21 While the juvenile argues that the denial of the EJJ motion was a nonappealable interlocutory order, we must reject that conclusion based on the supreme court's analysis in *Martin* and *DeJesus*. While the juvenile argues that *DeJesus* "rests on a shaky, arguably erroneous foundation," we note that this court is required to follow the decisions of our supreme court, which are binding on all lower courts. *People v. Davis*, 388 Ill. App. 3d 869, 880 (2009). Therefore, we find that this court has jurisdiction to consider the present appeal.

¶ 22 B. Denial of Motion to Designate Proceedings as an EJJ Prosecution

¶ 23 Since we have determined that we have jurisdiction to consider this appeal, we will proceed with the State's issue of whether the trial court abused its discretion in denying the State's motion to prosecute the minor pursuant to the EJJ statute (705 ILCS 405/5-810 (West 2018)). The State argues that the trial court abused its discretion where it applied an erroneous legal standard in denying the State's motion to designate the proceeding as an EJJ prosecution. The defendant concedes that the trial court committed error in applying the incorrect legal standard to its ruling

on the State's motion. We review a decision to designate a proceeding as an EJJ prosecution under the abuse of discretion standard. *In re Dontrale E.*, 358 Ill. App. 3d at 139.

¶ 24 The provision of the EJJ statute relating to the State's argument reads as follows:

"(1)(a) If the State's Attorney files a petition, at any time prior to commencement of the minor's trial, to designate the proceeding as an extended jurisdiction juvenile prosecution and the petition alleges the commission by a minor 13 years of age or older of any offense which would be a felony if committed by an adult, and, if the juvenile judge assigned to hear and determine petitions to designate the proceeding as an extended jurisdiction juvenile prosecution determines that there is probable cause to believe that the allegations in the petition and motion are true, there is a rebuttable presumption that the proceeding shall be designated as an extended jurisdiction juvenile proceeding.

(b) The judge shall enter an order designating the proceeding as an extended jurisdiction juvenile proceeding unless the judge makes a finding based on clear and convincing evidence that sentencing under the Chapter V of the Unified Code of Corrections would not be appropriate for the minor based on an evaluation of the following factors:

(i) the age of the minor;

(ii) the history of the minor, including:

(A) any previous delinquent or criminal history of the minor,

(B) any previous abuse or neglect history of the minor, and

(C) any mental health, physical and/or educational history of the minor;

(iii) the circumstances of the offense, including:

(A) the seriousness of the offense,

(B) whether the minor is charged through accountability,

(C) whether there is evidence the offense was committed in an aggressive and premeditated manner,

(D) whether there is evidence the offense caused serious bodily harm,

(E) whether there is evidence the minor possessed a deadly weapon;

(iv) the advantages of treatment within the juvenile justice system including whether there are facilities or programs, or both, particularly available in the juvenile system;

(v) whether the security of the public requires sentencing under Chapter V of the Unified Code of Corrections:

(A) the minor's history of services, including the minor's willingness to participate meaningfully in available services;

(B) whether there is a reasonable likelihood that the minor can be rehabilitated before the expiration of the juvenile court's jurisdiction;

(C) the adequacy of the punishment or services.

In considering these factors, the court shall give greater weight to the seriousness of the alleged offense[ ] and the minor's prior record of delinquency than to other factors listed in this subsection." 705 ILCS 405/5-810(1) (West 2018).

¶ 25    The trial court denied the State's motion for the court to exercise its discretion and transfer the prosecution to adult court and a motion to have the case declared an EJJ prosecution. In ruling on the State's motion to have the case declared an EJJ prosecution, the trial court held:

> "Though the extended juvenile jurisdiction mechanism offers an extra opportunity for the juvenile to avoid an adult sentence by fulfilling the conditions of his juvenile sentence, the ultimate issue of whether the juvenile should, under any mechanism, be punished as an adult has already been decided by me on the motion to transfer him to the adult system."

¶ 26    The court further stated, "So, therefore, because I find that he—the State has failed to meet its burden, that he should be tried and sentenced as an adult under the Motion to Transfer, the Motion to Extend Juvenile Jurisdiction is also denied." The trial court issued a written order on October 30, 2019, stating the same, citing *In re Christopher K.*, 217 Ill. 2d 348.

¶ 27    In *Christopher K.*, the trial court denied the State's motion to transfer the case to adult court, and that decision was affirmed on appeal. *Id.* at 353-54. The State subsequently filed a motion to designate the juvenile case as an EJJ prosecution that was granted; the juvenile was ultimately convicted of first degree murder following a jury trial. *Id.* at 355. On appeal, the appellate court found that the trial court erred in designating the case as an EJJ prosecution because the State's EJJ motion was directed toward the " 'ultimate issue' " previously decided in the State's discretionary transfer motion. *Id.*

¶ 28    The supreme court then overturned the appellate court's decision, finding that the law-of-the-case doctrine did not preclude designation of the juvenile's case as an EJJ prosecution. *Id.* at 364. The supreme court observed that there was no statutory language prohibiting designation of a case as an EJJ prosecution after the denial of a discretionary transfer motion. *Id.* The supreme

12

court concluded that the statutory schemes for discretionary transfer (705 ILCS 405/5-805, 5-810 (West 1998)), respectively, decide distinct issues. *Id.* at 369-70. Therefore, the supreme court held that "where a trial court denies a motion for discretionary transfer, the denial is affirmed on appeal, and the State subsequently files an EJJ motion, the trial court must consider the EJJ motion." *Id.* at 372.

¶ 29    Since *Christopher K.* was decided, the EJJ statute has been amended so that both the discretionary transfer provision and the EJJ provision of the Act require the court to consider identical factors. See 705 ILCS 405/5-805(3), 5-810(1) (West 2018). Nonetheless, the procedures for discretionary transfer and the designation of a case as an EJJ prosecution are distinct.

¶ 30    The State maintains the burden of proof in a discretionary transfer motion. *People v. Fuller*, 292 Ill. App. 3d 651, 657 (1997). However, in a proceeding to designate a case as an EJJ prosecution, once the State establishes the juvenile's age as being 13 years or over, that the alleged violation would be a felony offense in adult court, and that there is probable cause to believe the allegations in the petition are true, then there is a rebuttable presumption that the case is to be designated as an EJJ prosecution. 705 ILCS 405/5-810(1)(a) (West 2018). This presumption is overcome only if the court finds that clear and convincing evidence shows that adult sentencing would be inappropriate for the juvenile. *Id.* § 5-810(1)(b). Where the law dictates a mandatory rebuttable presumption, once the State satisfies the *prima facie* prerequisites for the presumption, the burden shifts to the opposing side to set forth evidence to overcome that presumption. *In re S.W.*, 315 Ill. App. 3d 1153, 1158 (2000). However, the trial court in this case found that, in part, because the State failed to meet its burden for discretionary transfer, the motion to designate the proceeding as an extended juvenile jurisdiction prosecution was also denied.

¶ 31    Once the court found that the State had met its burden regarding the juvenile's age and probable cause to believe that the juvenile committed the alleged offenses, the court's evaluation was required to diverge into separate considerations for the transfer and EJJ motions. The trial court's decision conflated two distinct considerations and burdens of proof between the two motions. The trial court was required to treat each motion separately and evaluate the statutory factors with regard to the appropriate burden attached to each motion. Because the trial court did not do this with respect to the State's motion to designate the proceedings as an EJJ prosecution, its denial of the State's motion was an abuse of discretion.

¶ 32                                        III. Conclusion

¶ 33    For the foregoing reasons, the judgment of the trial court of Monroe County is reversed, and the case is remanded for the trial court to consider the State's motion to designate the proceeding as an EJJ prosecution under the appropriate legal standard.

¶ 34    Reversed and remanded.

**No. 5-19-0450**

| | |
|---|---|
| **Cite as:** | *In re Zachary G.*, 2021 IL App (5th) 190450 |
| **Decision Under Review:** | Appeal from the Circuit Court of Monroe County, No. 19-JD-7; the Hon. Julia R. Gomric, Judge, presiding. |
| **Attorneys for Appellant:** | Christopher Hitzemann, State's Attorney, of Waterloo (Patrick Delfino and Patrick D. Daly, of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People. |
| **Attorneys for Appellee:** | Thomas J. Matthes, of Rosenblum, Schwartz, & Fry, P.C., St. Louis, Missouri, for appellee. |